Patricia A. MITCHELL, Appellant,

v.

Richard SCHWEIKER, Secretary, Department of Health and Human Services, Appellee.

No. 82–1090.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1982.

Decided Feb. 1, 1983.

---

Charles H. Cuthbert, Jr., Petersburg, Va., for appellant.

David Hyman, Asst. Regional Atty., Philadelphia, Pa. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., David R. Culp, Acting Regional Atty., Dept. of Health & Human Services, Washington, D.C., on brief), for appellee.

Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and MICHAEL,* District Judge.

PER CURIAM:

Patricia A. Mitchell (the Claimant) appeals from an order of the district court affirming the Secretary's determination that she does not qualify for Social Security disability insurance benefits and Supplemental Security Income benefits because she failed to prove an impairment which had lasted or could be expected to last for a continuous period of at least twelve months. The Claimant had asserted severe depression and a nervous condition as such an impairment.

We conclude that the Secretary improperly disregarded the clinical findings of Claimant's treating physician in the absence of some persuasive contradictory evidence, that he gave insufficient consideration to Claimant's extremely low intelligence, and that Claimant's claim for benefits must be reassessed in light of a recent medical report of a second hospitalization for severe depression. We reverse the judgment of the district court and remand the case to it with directions to remand the case to the Secretary for further consideration.

I.

The Claimant is a thirty-five-year-old unmarried female with three children. She purportedly has an IQ of 58, and a fifth-grade education. Until 1979 she was regularly employed at various menial jobs, working in a laundry, as an inspector with a luggage manufacturer, and from 1974 to 1979 as a custodial worker in the closed

* Honorable James H. Michael, Jr., United States District Judge for the Western District of Virginia, sitting by designation.

ward of a state mental hospital. According to her testimony, she left the hospital in 1979 because of her health, including a nervous condition that made it impossible for her to work.

Claimant applied for both benefits on February 28, 1980, upon release from a hospitalization for severe depression, claiming disability as of July, 1979. The applications were denied, and after an oral hearing on May 5, 1981, an Administrative Law Judge concluded that if Claimant was disabled by her depressive condition there was insufficient evidence that the disability had lasted or could be expected to last for a continuous period of at least twelve months, so that she was not entitled to benefits. The Appeals Council denied Claimant's request for review, and the Secretary's decision denying disability benefits became final on August 21, 1981. The district court granted summary judgment for the Secretary on Claimant's complaint seeking review of the Secretary's determination, and this appeal followed.

The evidence before the Secretary can be readily summarized. Every physician who has examined Claimant and expressed an opinion on the subject has concluded she is of extremely low intelligence and that she will suffer recurring periods of depression or nervousness which will necessitate hospitalization or institutionalization. Dr. P.J. Reddy, a psychiatrist, who was her treating physician during and subsequent to her hospitalization for depression from January 22 to February 24, 1981, was of the opinion that Claimant would be disabled from handling any job for at least a year. Dr. Francis Taylor, a general practitioner, who treated Claimant prior to 1981, stated in his report of September 3, 1980, that Claimant suffered from an "extreme nervous condition." He recommended that she be institutionalized for extended psychiatric care, but stated that she is not completely or permanently disabled. Dr. Philip O'Donnell, who examined Claimant on September 17, 1980, concluded that she suffered from depression and recommended that she consult Dr. Reddy. None of the physicians found that Claimant suffered any significant physical impairment.

In addition to this medical evidence, Claimant's mother testified that Claimant had suffered from a steadily worsening nervous problem since age eight. Claimant, herself, testified that she is unable to work because she is nervous, shortwinded, suffers from chest pains, and is made drowsy by Valium prescribed for her nervous condition.

After this appeal was filed, Claimant moved for remand of her case tendering a medical report to show that she was again hospitalized for severe depression from June 4 to June 18, 1982 under the care of Dr. Reddy. In the report Dr. Reddy identified the cause of her latest hospitalization as "[m]ajor depression, recurrent type with melancholia," a recurrence of the earlier illness. He describes her prognosis as "[g]uarded."

II.

While the Secretary is not bound by the opinion of a claimant's treating physician, that opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Therefore, it may be disregarded only if there is persuasive contradictory evidence. *Oppenheim v. Finch,* 495 F.2d 396 (4 Cir. 1974); *Vitek v. Finch,* 438 F.2d 1157 (4 Cir.1971). In the instant case, every physician who examined Claimant concluded she suffers from a condition of severe depression or nervousness, and Dr. Reddy, the physician who treated her for that condition, concluded it would disable her for at least a year.

The evidence relied upon in rejecting that opinion is scant indeed. The ALJ cast it aside as a "guess", substituting his judgment that Claimant's depressive condition was not disabling on the basis of evidence that Claimant's problems were lifelong and had not incapacitated her in the past. However, Claimant's mother testified that Claimant's nervous problem was worsening. This testimony is supported by the fact that

Claimant's condition did not necessitate hospitalization until 1981 and that she required hospitalization again in 1982.

Before us, the Secretary urges Dr. Taylor's opinion that Claimant was not completely or permanently disabled as further evidence contradicting Dr. Reddy's opinion. It is noteworthy that the ALJ did not rely upon Dr. Taylor's opinion. Moreover, Dr. Taylor's opinion is not necessarily inconsistent with that of Dr. Reddy, for he, too, stated that Claimant's condition was such that it warranted extensive institutionalization, and his conclusion that the condition was not permanently disabling does not necessarily imply that it would not be disabling for a year or more. Most importantly, Dr. Taylor is not a psychiatrist. He is a general practitioner with specialties in obstetrics and gynecology. He has not been shown to have any expertise on the disabling effect of severe depression, and he has not examined Claimant since her hospitalization for that condition.

We think that on the present record the opinion of Dr. Reddy is the only substantial evidence of the disabling effect of Claimant's depression. Unless on remand the Secretary can adduce other evidence, expert or lay, to controvert Dr. Reddy's opinion, we think that Claimant must be awarded benefits. We remand on this issue, however, to afford the Secretary the opportunity to adduce such proof.

### III.

Claimant is described by Dr. Reddy as having an IQ of 58 which under the Social Security Administration's regulations may qualify her for disability benefits. Mental retardation, which is defined as an IQ of 59 or less, or an IQ of 60 to 69 accompanied by some other "impairment imposing additional and work-related limitation of function", 20 C.F.R. § 404.1501, et seq., Appendix 1 § 12.05, is among those listed impairments "which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525(a). Mental retardation is assumed to be a lifelong condition. Appendix

1 § 12.00 B 4. The regulations state that upon a showing of a listed impairment of sufficient duration, "we will find you disabled without considering your age, education, and work experience." 20 C.F.R. § 404.1520(d).

However, Dr. Reddy's conclusion that Mitchell's IQ is "about 58", does not necessitate a finding of disability, because he did not disclose the type of intelligence test producing this score. The Appendix to the regulations indicate that the significance of a given numerical result varies among the different tests and that when a "well-standardized, comprehensive" test is not used, it may be necessary to adjust and interpret the resulting score. Appendix 1 § 12.00 B 4. Moreover, Dr. Reddy stated that her intelligence "looks clinically higher than that." Finally, her low intelligence has not prevented her from holding a job in the past.

We think, however, that the Secretary must give consideration to the disabling effect of extremely low intelligence alone or in conjunction with a nervous or depressive condition. Even if Claimant's IQ by a recognized test is above 58, the Appendix states that an IQ in the range of 60 to 69 inclusive, accompanied by some other disability, is considered a listed impairment. Since it does not appear from the ALJ's evaluation of the evidence that he considered her low intelligence alone or in conjunction with severe depression, these issues must be considered on remand.

### IV.

While a reviewing court may not grant disability benefits on the basis of newly disclosed evidence, it is proper to remand a case to the Secretary for reconsideration in the light of significant new evidence, relevant to the determination of disability at the time the application was first filed and not merely cumulative of evidence already before the Secretary. *See, e.g., Parks v. Harris,* 614 F.2d 83 (5 Cir.1980); *Kemp v. Weinberger,* 522 F.2d 967 (9 Cir. 1975).

■ We think that the report of Claimant's hospitalization in June 1982 justifies a remand. The report is relevant to the determination of her condition at the time she filed for benefits, and it is not cumulative. In rejecting her claim for benefits, the ALJ concluded that he could not find disability merely on the basis of her hospitalization for depression in January and February 1981. His reason was that "at this point in time, only some 3 to 4 months after the onset of any severe illness, the Administrative Law Judge cannot speculate that this might continue for a continuous period of at least 12 months." Dr. Reddy has stated that he considers the second hospitalization to be for a recurrence of the symptoms that occasioned the first. Obviously his report is evidence of the continuity which the ALJ found lacking in the first hearing. It follows that remand for reconsideration in the light of the report of the second hospitalization is in order.

REVERSED AND REMANDED WITH DIRECTIONS.