**Donnie C. KESSELL, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 84–2220.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 30, 1986.

Mary Catherine Buchmelter, Legal Aid Society of Charleston, Charleston, W.Va., for plaintiff.

David Faber, U.S. Atty., Charleston, W.Va., for defendant.

ORDER

HADEN, Chief Judge.

Presently pending before the Court is Plaintiff's motion, filed December 26, 1985, under *Rule* 60(b), Federal Rules of Civil Procedure, for relief from a final order entered September 4, 1985.

The procedural history of this case is as follows. On June 4, 1984, Plaintiff filed a complaint in this Court seeking review of the final decision of the Secretary of Health and Human Services denying his application for supplemental security income benefits based on disability. Defendant filed an answer to the complaint on October 2, 1984. By notice of the Clerk dated February 26, 1985, counsel in this action were informed that they had ninety days from the date of the notice within which to file motions for summary judgment and supporting memorandum, that they had thirty days thereafter to file a response, and that upon expiration of this period the action would be considered submitted for decision by the Court. By Order entered June 24, 1985, pursuant to 28 U.S.C. § 636(b)(1)(B), this action was referred to the Honorable Jerry D. Hogg, United States Magistrate, who was designated to consider the pleadings and evidence herein and to submit to the Court his proposed findings of fact and recommendations for disposition. Defendant filed a motion for summary judgment and brief in support thereof on June 27, 1985. On August 15, 1985, the Magistrate issued a Report-Recommendation finding that the final decision of the Secretary was supported by substantial evidence and recommending that Defendant's motion for summary judgment be granted and the Secretary's decision be affirmed. The Magistrate also advised the parties that they had ten days from the date of service of a copy of the Report-Recommendation in which to file written objections thereto and that failure to do so might result in waiver of the right to appeal from a judgment of the Court based on the Report-Recommendation. On August 26, 1985, Plaintiff filed a motion for summary judgment, motion to remand for the taking of additional evidence, and briefs in support of both motions. By Order entered September 4, 1985, the Court, noting that no objections to the Magistrate's Report-Recommendation had been filed within the prescribed ten-day time period, adopted the Report-Recommendation, granted Defendant's motion for summary

judgment, and affirmed the final decision of the Secretary.

Plaintiff now seeks relief, pursuant to *Rules* 60(b)(1) and (b)(6), Federal Rules of Civil Procedure, from the final order of September 4, 1985, in light of his motion for summary judgment and motion to remand. The Rule provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertance, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment."

Upon consideration, Plaintiff's motion is denied and the Court makes the following findings in this regard. First, Plaintiff offers no explanation for the failure to submit the motion for summary judgment and supporting brief either within the time period set forth in the notice of the Clerk or for consideration by the Magistrate. Second, neither the motion for summary judgment nor the motion to remand identifies any specific objections to the Magistrate's Report-Recommendation. Third, the motion for summary judgment and supporting brief, taken with the evidence of record, do not persuade the Court that the final decision of the Secretary is not supported by substantial evidence and, consequently, that the Magistrate's findings are erroneous. Fourth, Plaintiff has not shown that a remand is warranted in this case. With respect to the period covered by the Secretary's decision, the Court does not find that the Secretary's decision might reasonably have been different had the additional evidence submitted by Plaintiff been before her when her decision was rendered. *See King v. Califano*, 599 F.2d 597 (4th Cir. 1979). To the contrary, the evidence tends to support the Secretary's decision. Furthermore, to the extent it shows new medical developments and a deterioration in Plaintiff's condition, the evidence is not relevant to the determination of disability through the date of the Secretary's deci-

sion. *See Mitchell v. Schweiker*, 699 F.2d 185, (4th Cir.1983).

Plaintiff's motion is denied.