883 F.2d 68
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Letha HAMRICK, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-3215.
 United States Court of Appeals, Fourth Circuit.
 Aug. 9, 1989.
 
 Frederick G. Barkus, Bickley, Jacobs & Barkus on brief for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Jacquelyn Cusumano, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services, William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney on brief for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 Letha Hamrick appeals from the order of the district court adopting a magistrate's finding that she was not disabled as defined in the Social Security Act. Hamrick filed her third and present application for Supplemental Security Income in September 1986. It was denied initially and upon reconsideration, after which she requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ determined that Hamrick's impairments did not prevent her from doing her past relevant work as a clerk/typist. Thus, she was found ineligible for benefits. When the Appeals Council declined to review the case, the present action was initiated in the United States District Court for the Northern District of West Virginia.
 
 
 2
 After a de novo review of the record, the district court adopted the magistrate's finding that the Secretary's decision was supported by substantial evidence. We affirm.
 
 I.
 
 3
 Claimant Hamrick was born in 1944 and has a high school education, as well as a few college credits. She was last engaged in substantial gainful employment in September 1984 as a clerk/typist for the United States Department of Agriculture. Hamrick maintains she was going to have to quit this job due to her physical impairments, but the branch office where she worked closed before she could resign. Since 1979 the claimant has been employed on a part-time basis by the West Virginia Department of Human Services as a "chore service provider." She is paid by the state to take care of her aged mother and invalid sister and to maintain the household.
 
 
 4
 Hamrick suffered from poliomyelitis as a teenager. She asserts she is disabled by the residual effects of the disease, including muscle weakness in the extremities, shortness of breath and problems with balance and walking. Claimant also complains of a problem with mildly symptomatic kidney and gall stones.
 
 
 5
 In addition to the attention of a registered physical therapist who has worked with her since the 1950s, Hamrick has been treated by Dr. Paul Bennett, her family doctor, Dr. Barbara U. Morgan, a neurologist, and Dr. David A. Santrock, an orthopedic specialist who treated her for a hip fracture in 1978. She was evaluated by Dr. Bruce A. Guberman in 1986 at the Secretary's request. A pulmonary specialist, Dr. George L. Zaldivar, also examined the claimant on referral from Dr. Morgan.
 
 
 6
 It is uncontested that Hamrick suffers from muscle weakness in her left arm and right leg, and there is some weakness in her respiratory muscles. She walks with the assistance of a cane and has an awkward gait. In 1985 Dr. Morgan described Hamrick's problems with balance and walking as "temporary" and improving with physical therapy. Dr. Morgan subsequently revised this assessment and reported that claimant was unable to work; however, Dr. Morgan offered virtually no independent medical evidence in support of this opinion, relying instead on reports from other sources. Hamrick's physical therapist has long held that claimant is unable to perform a job that requires walking, bending or lifting because of weakness in both legs. Her family doctor reported in 1986, however, that he knew of no disabling "ongoing conditions." Hamrick's grip strength and manipulative ability were reported by Dr. Guberman to be normal bilaterally. Dr. Zaldivar conducted pulmonary tests which showed only a "mild restriction [and] mild diffusion impairment."
 
 
 7
 The ALJ acknowledged that Hamrick had suffered from polio and had residual weakness and atrophy of the right leg and arm and respiratory muscle weakness causing shortness of breath. Nevertheless, the ALJ found that these impairments did not, singly or in combination, meet or equal one listed in Appendix 1, Subpart P, Regulations No. 4 of volume 20 of the Code of Federal Regulations. The magistrate and district court agreed that there was substantial medical evidence to support the ALJ's finding.
 
 
 8
 Both the ALJ and magistrate found Hamrick's complaints of disabling pain, weakness and breathing difficulties less than credible in the light of her work as a "chore service provider." Hamrick testified that this responsibility required cooking, cleaning, running errands, cashing checks and paying household bills. While the duties of a "chore service provider" do not constitute substantial gainful activity for purposes of Social Security regulations, it is clear that the level of activity required to perform even light household chores is greater than that required in claimant's past relevant work as a clerical worker for the United States Department of Agriculture.
 
 II.
 
 9
 Section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g), sets forth the standard of review for findings of fact made by the Secretary: "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The fact that the record may support an inconsistent conclusion is immaterial; the appeals court's review is not a de novo proceeding, and even if the court should disagree with the Secretary's determination, that decision should go undisturbed if substantial evidence supports it. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion; it consists of more than a mere scintilla of evidence but somewhat less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 
 10
 In an effort to facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five questions. These questions are to be asked sequentially during the course of a disability inquiry. 20 C.F.R. Secs. 404.1520 (1988). An examiner must ask (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which meets or equals an illness contained in the Social Security Act listing of impairments, (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from doing any other work. An affirmative answer to question 1 or a negative answer to questions 2 or 4 result in findings of no disability. Affirmative answers to questions 3 or 5, however, establish disability. 20 C.F.R. Sec. 404.1520.
 
 
 11
 In the case at bar, Hamrick contends the ALJ erred at steps three, four and five. She argues that the ALJ erred at step three in finding that her impairments did not meet a listed impairment. Hamrick also argues that the ALJ failed at steps four and five to give proper weight to the opinions of her physician, Dr. Morgan, and physical therapist, Mary McKnight, in determining her residual functional capacity, and failed to make a proper determination as to the requirements of claimant's past relevant work to compare to her residual functional capacity.
 
 
 12
 Raising the issue for the first time on appeal, Hamrick argues that the ALJ erred in finding that she did not have a listed impairment. Hamrick cannot raise an issue on appeal which was not presented before the district court or the Secretary. The general rule is that an issue may not be raised on appeal which was not presented to the trial court. See Clarke v. Bowen, 843 F.2d 271, 273 (8th Cir.1988) (rule applied in a Social Security case). Therefore, the claimant is foreclosed from arguing on appeal a point which was not raised before the tribunals below.
 
 
 13
 Hamrick contends, contrary to the ALJ's finding, that her impairments meet Sec. 11.11 of the listings which specifically addresses "Anterior poliomyelitis." 20 C.F.R. Appendix 1, Subpart P, Sec. 11.11. It is undisputed that Hamrick suffers impairments resulting from her bout with polio. The medical reports confirm that she has some breathing restrictions and a problem gait. After reviewing the medical evidence provided by claimant's own physicians and state agency physicians, however, the ALJ found that Hamrick's combined impairments were not equal to the specific requirements of the listed impairments. The claimant herself reported that her shortness of breath was brought on by exertion, and the pulmonary examinations conducted by specialists showed only "mild restriction [and] mild diffusion impairment."
 
 
 14
 It is also acknowledged that Hamrick has some ambulatory problems, but the medical evidence suggests that these problems only limit prolonged walking or standing. There is evidence to support the conclusion that claimant's motor function limitations are not of listing level severity because they do not preventher from engaging in any gainful activity at a sedentary level, including her past relevant work as a clerk/typist. Therefore, Hamrick's medical condition, according to credible medical evidence before the ALJ and the district court, was not found sufficiently persistent, severe or debilitating to match the precise conditions set forth in Sec. 11.11 and attendant sections of the regulations.
 
 
 15
 The ALJ found, based on Hamrick's own testimony, that she was capable of sedentary work that did not involve standing or walking more than a third of the day or lifting more than ten pounds. Hamrick's past relevant work did not require work-related activities greater than these limitations. Therefore, disability benefits were properly denied.
 
 
 16
 Hamrick asserts that the ALJ's finding is contrary to the evaluations of Dr. Morgan and the registered physical therapist, which confirmed claimant's inability to work at even the sedentary level. Thus, Hamrick contends, whatever evidence the ALJ relied on it should be discounted since insufficient weight was given the opinions of the treating physician and physical therapist. It is well established that a treating physician's opinion should be accorded great weight since it reflects an expert judgment based on extended observation, and it "may be disregarded only if there is persuasive contradictory evidence." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983). A treating physician's opinion, on the other hand, is not binding on the Secretary. Id. And if the expert medical testimony from examining or treating physicians goes both ways, a determination in accordance with the non-examining, non-treating physician should be affirmed. Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir.1986); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir.1984).
 
 
 17
 The opinions offered by Hamrick's examining physicians were not without contradiction. For example, Dr. Morgan apparently reached the conclusion that claimant should do no work outside the home, yet her family doctor reported that he was aware of "no ongoing conditions ... that would necessite [sic] disability from employment." Thus, it is inaccurate to suggest, as does the claimant, that the opinions of treating physicians were disregarded or that there was no evidence to support the Secretary's conclusion.
 
 
 18
 We find the ALJ's determination that Hamrick was not disabled because she could perform her past relevant work was supported by substantial evidence, including claimant's own testimony. Hamrick reported that her duties as a "chore service provider" required her to walk two hours, stand one hour, and sit five hours in a typical working day. Moreover, the job frequently required her to lift up to ten pounds. Based on this report and corroborating medical evidence, the tribunals below reasonably concluded that Hamrick had a residual functional capacity sufficient to engage in work-related activities which did not exceed standing and walking for more than a third of the workday, lifting and carrying more than ten pounds on occasion, or sitting constantly. Inasmuch as her past relevant work as clerk/typist did not exceed these limits, the ALJ reasonably determined that Hamrick was not "disabled" and could engage in substantial gainful employment at the sedentary level.
 
 
 19
 This is, in many respects, a difficult case. There is no dispute that Hamrick was a victim of polio as a teenager, and she continues to suffer from the residual effects of the disease. The medical evidence and opinions in the record do not uniformly point to one possible conclusion. While we might have interpreted the evidence differently than the ALJ if the case was before us de novo, this Court may only disturb the Secretary's decision if it is not supported by substantial evidence. We find substantial medical evidence to support the Secretary's findings. Moreover, claimant's own testimony supports the conclusion that she is presently capable of gainful employment at a sedentary level.
 
 
 20
 AFFIRMED.