917 F.2d 558
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry L. SHORTRIDGE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-2678.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 24, 1990.
Decided Nov. 5, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CA-88-34-A)
 C. Randall Lowe, Yeary, Tate, Lowe & Jessee, P.C., Abingdon, Va., for appellant.
 Eileen Bradley, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Victor Jerry Pane, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa.; E. Montgomery Tucker, Acting United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jerry L. Shortridge appeals the order of the district court affirming the Secretary of Health and Human Services' denial of his claims for disability benefits under Chapter VI of the Social Security Act, as amended, 42 U.S.C.A. Secs. 416(i) et seq. (West 1983 & Supp.1990) and Secs. 423 et seq. (West 1983 & Supp.1990). We affirm.
 
 I.
 
 2
 Shortridge filed an application for disability income benefits in August 1984 alleging disability as of August 1983 due to back problems stemming from an injury. The state agency denied his claim initially and on reconsideration.* At a December 1986 hearing before the ALJ, Shortridge testified that he has severe back pain that radiates down his left side, into his hip, down his left leg, and into his foot. He also testified that he has anxiety spells and periodic numbness in his left leg, arm, and hand.
 
 
 3
 Since his back injury in August 1983, Shortridge's treating physician has examined him approximately 48 times. His diagnosis of lower back strain and a disc lesion was based on Shortridge's description of symptoms. Laboratory diagnostic tests that included myelography, x-rays, electromyography, computerized tomography scans, and nerve conduction testing did not confirm this diagnosis. The results of these tests were normal and a medical advisor testified that they would have demonstrated the existence of a significant abnormality had any existed.
 
 
 4
 The ALJ found that Shortridge had the capacity to perform heavy work as a coal miner and did not have a mental impairment that would interfere with his ability to engage in gainful activity. Finding that the medical evidence did not establish "severe organic impairments ... commensurate with the claimant's complaints of severe pain," the ALJ determined that Shortridge's functional capacity was not significantly limited by pain and that he was not disabled as defined by the Social Security Act.
 
 
 5
 In August 1987 the Appeals Council granted review and found that the ALJ's conclusion that Shortridge could perform heavy work was not supported by substantial evidence. However, the Appeals Council determined that his residual functional capacity was not significantly affected by any impairment, that he was not disabled, and that he could perform a full range of light work. This final decision of the Secretary was affirmed by the district court as supported by substantial evidence.
 
 II.
 
 6
 The scope of judicial review of the factual findings of the Secretary is limited to whether they are supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West 1983); Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 
 7
 On appeal Shortridge contends that the ALJ improperly evaluated the effect of his pain and erred in finding that he was not disabled. It is "incumbent upon the ALJ to evaluate the effect of pain on a claimant's ability to function." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.1989). In order for pain to support a finding of disability, there must be some objective medical evidence of a condition that could reasonably produce the pain. Id. Shortridge's clinical and laboratory diagnostic test results are normal and do not evidence any significant medical abnormality. The treating physician's diagnosis of a disc lesion is not supported by these tests. The only evidence of pain is Shortridge's uncorroborated testimony. We hold that the Secretary correctly found that the medical evidence does not support Shortridge's subjective complaints of pain and that he is not disabled.
 
 
 8
 Shortridge also contends that even if he is not disabled, he is capable of only sedentary work. He argues that the Appeals Council erred in finding that he can do light work. In making the determination of the level of work of which a claimant is capable, we give great weight to the opinion of the treating physician. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983). The treating physician found that Shortridge could lift 10 to 15 pounds for approximately one-third of an eight-hour day and could sit four to five hours per day. This finding is within the definition of light work that "involves lifting no more than 20 pounds at a time" and "requires a good deal of walking or standing, or ... sitting most of the time." 20 C.F.R. Sec. 404.1567(b). Thus, we hold that the decision of the Appeals Council is supported by substantial evidence.
 
 
 9
 We next address Shortridge's allegation that the ALJ failed to develop a comprehensive record regarding the effect of Shortridge's psychiatric impairments on his ability to work. Shortridge testified that he has problems with sleeping, loss of memory, and crying spells due to anxiety. A psychiatrist who examined Shortridge at the request of his treating physician diagnosed a generalized anxiety disorder. The only treatment Shortridge received for this condition was a prescription for valium. We find no error in the ALJ's determination that Shortridge has no significant mental problem warranting further development of the record.
 
 
 10
 Shortridge's remaining contentions are without merit.
 
 AFFIRMED
 
 
 *
 After a hearing and evaluation of new evidence, an Administrative Law Judge (ALJ) determined that a change in the social security laws entitled Shortridge to a new decision by the state agency. Shortridge's claim was again denied by the state agency