**Beulah ROSE on Behalf of Allen ROSE, SSN: 227–24–7342, Plaintiff,**

**v.**

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 89–0039–B.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

March 11, 1991.

Joseph E. Wolfe, Norton, Va., for plaintiff.

Ray B. Fitzgerald, Asst. U.S. Atty., Roanoke, Va., for defendant.

### MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health and Human Services denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).

This review is limited to a determination as to whether there is substantial evidence to support the Secretary's conclusion that plaintiff failed to meet the requirements for entitlement under the Act. If substan-

tial evidence exists, this court's "inquiry must terminate," and the final decision of the Secretary must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Laws*, at 642. *See Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In an opinion which now stands as the final decision of the Secretary, the Social Security Administration's Appeals Council, in adopting the decision of the Administrative Law Judge (ALJ), found that plaintiff was not under such a disability as to establish entitlement to benefits under the Act. While the ALJ found that plaintiff suffers from several impairments, the ALJ concluded that the conditions are not so severe, either singly or in combination, as to constitute a disability within the meaning of the Act, 42 U.S.C. § 423, at any time prior to the termination of insured status.

Plaintiff was born on April 3, 1924. His insured status expired on September 30, 1972, and at that time he was forty-eight years of age which classified him as a "younger" individual. 20 C.F.R. § 404.1563(b). Plaintiff filed his application for a period of disability and disability insurance benefits on April 14, 1987 and alleged an onset of disability as of September 15, 1967 because of lung cancer, ulcers and black lung. Plaintiff has a seventh grade education, and his prior work consisted of being a coal miner. Prior to the administrative hearing in this case, plaintiff died of lung cancer on July 27, 1987. Thereafter, his wife, Beulah Rose, was substituted as the administratrix of his estate.

While the court recognizes that plaintiff was diagnosed as having lung cancer in February, 1987 and ultimately died as a result of this condition, the issue before the court is whether plaintiff was disabled on or before the expiration of his insured status on September 30, 1972. Therefore, it is critical that the court examine the medical evidence that existed as of that time and the evidence thereafter to the extent that it related back to the period on or before September 30, 1972.

The record shows that Dr. Panos Gregoriou was plaintiff's treating physician for a number of years. In deposition testimony, Dr. Gregoriou indicated that he first began seeing plaintiff in April, 1969. At that time plaintiff complained of multiple joint pains. Dr. Gregoriou continued to treat plaintiff at various times over the next several years. During those visits, plaintiff complained of shortness of breath and chest problems. In this deposition, Dr. Gregoriou opined that plaintiff was totally and permanently disabled as of June, 1972. However, the objective medical evidence does not support his conclusion. For example, an x-ray report dated December 9, 1968 indicated that there was an "increase in bronchovascular markings and some calcification in the lung roots" and some degree of bronchial inflammation. Otherwise, the lungs and costophrenic angles were clear, and the diaphragm, heart and thoracic cage were normal. In October, 1970, an x-ray demonstrated mild pulmonary fibrosis consistent with occupational pneumoconiosis of Category I. It was not until 1987 that an x-ray showed moderate pneumoconiosis and lung cancer.

In addition to the x-ray reports, plaintiff was hospitalized in October, 1967. His chief complaint when he was admitted to the hospital was upper abdominal discomfort. The diagnosis at discharge was a duodenal ulcer, a herniated nucleus pulposus, L5–S1 level, mild bronchitis and a rectal hemorrhoid.

All of the other medical evidence is dated after September 30, 1972. In addition to the x-rays demonstrating pneumoconiosis, a pulmonary function study in February, 1975 produced results that qualified plaintiff for black lung benefits. He did in fact receive an award of black lung benefits in 1976.

Since plaintiff was deceased at the time of the administrative hearing, the evidence came from the testimony of family members and written affidavits. All of this

evidence discussed plaintiff's long history of stomach and back problems and shortness of breath, but failed to clarify when plaintiff's problems became significantly worse. While it is obvious that plaintiff had a long history of medical problems, which the ALJ correctly found as being "severe," the record does not show or even suggest that plaintiff's impairments, alone or in combination, prevented him from engaging in any "substantial gainful activity" on or before September 30, 1972. The record clearly shows that plaintiff's condition did not become disabling until many years after the expiration of his insured status.

■ The court recognizes that the treating physician, Dr. Gregoriou, opined that plaintiff was totally disabled prior to that date and that a treating physician's opinion is entitled to great weight and should not be disregarded unless there is persuasive contradictory evidence. *Mitchell v. Secretary,* 699 F.2d 185, 187 (4th Cir.1983). The court also understands that evidence of disability after the expiration of insured status is probative of the fact that a claimant may have been disabled before insured status expired, especially if the impairment is progressive in nature. *See Stawls v. Califano,* 596 F.2d 1209 (4th Cir.1979). However, there is persuasive contradictory evidence in this case. First, Dr. Gregoriou's opinion is simply not supported by the objective medical evidence. In addition to plaintiff's lung cancer not being diagnosed until 1987, Dr. Gregoriou's conclusion in his deposition that claimant had Stage II pneumoconiosis before 1972 is not supported by the x-ray report in February, 1974 which found plaintiff's pneumoconiosis as being in Stage I. Second, too many years passed after 1972 until the medical evidence established plaintiff's disability to relate that evidence back to the period before his insured status expired.

■ For the reasons stated, the court finds substantial evidence supporting the final decision of the Secretary. Accordingly, the Secretary's final decision must be affirmed. *Laws v. Celebrezze, supra.* An appropriate judgment and order will be entered this day.