Cleopatric SCOTT, Plaintiff,

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

Civ. No. 93–1809.

United States District Court,
District of Columbia.

Feb. 24, 1995.

**110**

Gwendolyn Ray Bennett, Joan Delores Christopher, Washington, DC, for plaintiff Cleopatric K. Scott.

Claire M. Whitaker, Wyneva Johnson, U.S. Attys. Office, Washington, DC, for defendant Donna E. Shalala, Secretary, Dept. of Health and Human Services.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on cross-motions for summary judgment. Plaintiff, Cleopatric Scott, seeks judicial review pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), of the decision of the Secretary of Health and Human Services denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c. In the alternative, Plaintiff seeks to have the case remanded for further proceedings. Defendant moves the Court pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure to affirm the decision of the Secretary.

### PROCEDURAL BACKGROUND

Plaintiff filed her claims for SSI and DIB on March 12, 1991, alleging that she had been disabled since February 6, 1985 with injuries to her back, left shoulder and left hand (R. 26–28, 30). In a decision dated November 20, 1992, the Administrative Law Judge ("ALJ") found that plaintiff had the residual functional capacity to perform a full range of light work and denied her claim for disability benefits. (R. 20). The Appeals Council declined to review the ALJ's decision pursuant to the request for such review dated June 16, 1993. As such, the decision of the ALJ became the final decision of the Secretary. This action followed.

## SCOPE OF REVIEW

Judicial review of the Secretary's decisions is not *de novo*, but rather is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). The Court's role is not to reweigh the evidence and "replace the Secretary's judgment concerning the weight and validity of the evidence with its own." *Davis v. Heckler*, 566 F.Supp. 1193, 1195 (D.D.C.1983).

## LEGAL STANDARDS (RULES AND REGULATIONS)

The Act and its implementing regulations are very specific regarding the evaluative process to be applied by the Secretary in determining entitlement to disability benefits. A five step process is to be employed to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If it is determined at any step that the claimant is not disabled, then further review is not necessary. The first step of five in the sequential evaluative process is to determine whether the claimant is engaged in "substantial gainful employment." The next four steps in the evaluative process are to determine whether plaintiff has a severe impairment, whether the impairment meets or equals the requirements of a listed impairment, whether the plaintiff can return to her past relevant work and if not, whether she can perform other work.

In this case, the Secretary's inquiry terminated at Step 5 with the finding that in light of plaintiff's impairments she is not precluded from doing light work. During the first four steps, the claimant bears the burden of proof. The burden, however, shifts to the Secretary at the fifth stage to show that the individual, based upon her age, education, work experience, and residual functional capacity, is capable of performing

gainful employment and that such jobs exist in the national economy. *Brown v. Bowen,* 794 F.2d 703, 706 (D.C.Cir.1986); *Grant v. Schweiker,* 699 F.2d 189, 191 (3rd Cir.1985).

Step five specifically provides:

Your impairment(s) must prevent you from doing any other work.

(1) If you cannot do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled.

(2) If you have only a marginal education, and long work experience (i.e., 35 years or more) where you only did arduous unskilled physical labor, and you can no longer do this kind of work, we use a different rule (see § 404.1562).

20 C.F.R. §§ 404.1520(f), 416.920(f).[1]

In bearing its burden of proof on Step 5, the Secretary can rely on guidelines, often called "grids," that take into account the claimant's residual functional capacity as well as the claimant's age, education, and work experience. Based on the factors, the grids identify whether the claimant should be categorized as disabled.[2]

[3] The residual functional capacity is the level of work that the claimant is able to physically perform on a sustained basis. It is defined as "what you can still do despite your limitations." 20 C.F.R. §§ 404.1545, 416.945. There are five categories of functional capacity for work—sedentary, light, medium, heavy and very heavy. In this case, the Secretary determined that Plaintiff had the residual functional capacity to perform light work. Under the regulations,

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though weight lifted may be very little, a job is in this category when it requires a good deal of walking or stand-

ing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Considering the claimant's residual functional capacity, age, education and work experience, the Secretary found that Rule 202.10 of Table No. 2, Appendix 2, Subpart P, Regulations No. 4 applied and that Plaintiff was not disabled. (R. 19). There is no dispute that Plaintiff was 52 years old at the time of the ALJ's decision, that Plaintiff has a "limited" eleventh grade education and that her past relevant work as a nurse's aide was unskilled. What Plaintiff disputes is the Secretary's determination that she is capable of performing light work. Accordingly, the issue before the Court is whether the Secretary's finding that Plaintiff is capable of performing light work is supported by substantial evidence.

## ANALYSIS

Plaintiff, in filing her claims for disability benefits on March 12, 1991, alleged that she had been disabled since February 6, 1985 due to injuries to her back, left hand and left shoulder. (R. 26–28, 30, 133). Four doctors have examined Plaintiff. Dr. Earl C. Mills is Plaintiff's treating physician and has been treating her since 1988. Dr. Mills referred Plaintiff to Dr. Michael G. Harper for examination. The last two doctors who have examined Plaintiff are Dr. William Gentry and Dr. David Sniezek. Each saw Plaintiff for purposes of conducting consultative examinations, Dr. Gentry for the Social Security Administration and Dr. Sniezek for Plaintiff's insurance company.

---

1. None of the parties argues that subsection (2) is applicable.

2. The Supreme Court has held that the Secretary can properly rely on the guidelines to determine whether a claimant should be deemed disabled where the grids "describe a claimant's abilities and limitations accurately." *Heckler v. Campbell,* 461 U.S. 458, 462 n. 5, 103 S.Ct. 1952, 1955 n. 5, 76 L.Ed.2d 66 (1983).

In 1991, Dr. Mills diagnosed Plaintiff as having cervical radiculopathy secondary, a herniated disc, a bulging disc, carpal tunnel syndrome, and severe pain involving the left suprascapular region. (R. 100, 101, 104). Dr. Gentry on July 25, 1991, found that Plaintiff had low back strain, hypersensitivity to the suprascapular area of the left shoulder, painful corns on both her feet which affected her walking and probably had some cervical discogenic disease. (R. 84). On May 13, 1992, Doctor Sniezek diagnosed Plaintiff with a sprain/strain of the cervical spine complicated by myofascial pain syndrome involving the upper trapezius and levator scapulae muscles on the left. (R. 125). Dr. Harper, while concluding that Plaintiff did not have carpal tunnel syndrome, did note that Plaintiff had subtle signs of a chronic left C6 radiculopathy. (R. 78).[3]

In terms of treatment, Plaintiff underwent physical therapy that consisted of ice and electrical stimulation to the back, left scapular and shoulder. Her therapy also consisted of range of motion and strengthening exercises. (R. 121). Dr. Mills, her treating physician, recommended surgical intervention. (R. 108). Dr. Sniezek, while not recommending surgery, suggested trigger point injections followed by heat and deep tissue myofascial stretching to the affected muscles. (R. 126). Plaintiff also wears a back brace. (R. 134). For her hand, Plaintiff sometimes wears a wrist splint. (R. 80). For her feet, Plaintiff sometimes wears orthopedic shoes. (R. 136). To relieve pain, Plaintiff has used a Tens Unit and has regularly taken Tylenol and Tylenol No. 3. (R. 97, 134).

Plaintiff's treating physician since 1988, Dr. Mills, has repeatedly stated that Plaintiff is disabled from doing work in any capacity. (R. 103, 106, 108 and 109). Dr. Mills has stated that Plaintiff cannot lift or carry, and that her ability to reach, handle, feel, push, and pull is impaired due to carpal tunnel syndrome and cervical disk disease. Moreover, Dr. Mills has recommended that Plain-

tiff avoid climbing, balancing, stooping, crouching, kneeling and crawling. (R. 115–117).

■ A treating physician's report should be considered dispositive in the absence of persuasive, contradictory evidence. *Mitchell v. Schweiker*, 699 F.2d 185, 186 (4th Cir. 1983). The treating physician's opinion is entitled to extra weight because the treating physician is generally more familiar with the Plaintiff's medical condition. *Rosado v. Sullivan*, 805 F.Supp. 147, 153 (S.D.N.Y.1992).

[5] The two consulting physicians did not contradict Dr. Mills' opinion that Plaintiff is disabled and incapable of performing other work. Dr. Sniezek opined that Plaintiff would clearly have difficulty lifting overhead, pushing, or pulling and reported that he was unable to determine the type of work Plaintiff was capable of performing. (R. 124). Dr. Gentry rendered no opinion regarding Plaintiff's ability to engage in gainful employment. The reports of these consultative doctors simply do not provide substantial evidence to support the ALJ's finding that Plaintiff can perform a full range of light work. In fact, there is nothing in the record which indicates what light work Plaintiff could perform consistent with her impairments.

Defendant argues that Plaintiff's own testimony regarding her daily activities indicates that she can perform a full range of light work. Plaintiff testified that she attempts to perform some household chores, although she has family members do the vacuuming and laundry. (R. 137). She also does her own shopping and climbs four flights of stairs to reach her apartment. (R. 131–138). During the day, she watches television and reads. (R. 139). The fact that Plaintiff tries to maintain some degree of independence from family members and seeks to perform life's necessary chores does not mean that she is capable of performing light work. There is little doubt that Plaintiff, with her back and foot problems, would prefer to take an eleva-

---

**3.** All the Doctors who examined Plaintiff concurred that she had back problems. There was disagreement as to the degree to which her hand was injured. Unlike Dr. Mills, Dr. Harper concluded that Plaintiff did not have carpal tunnel syndrome. (R. 78). Dr. Gentry noted that Plain-

tiff used her left hand in "rather unusual situations" such as tying her shoes and smoking a cigarette. (R. 84). Dr. Gentry's examination did, however, reveal, that Plaintiff's grip strength in her left hand was diminished compared to the right. (R. 82).

tor rather than climb four flights of stairs, but her apartment building does not offer this amenity. The Secretary should not penalize Plaintiff for attempting to sustain a minimal lifestyle, despite her physical impairments. See *Clark v. Sullivan*, 768 F.Supp. 278, 282–3 (D.Ariz.1991).

Defendant also argues that Plaintiff's lack of medical treatment indicates that Plaintiff is not disabled. In November of 1988, home therapy was prescribed for Plaintiff. (R. 97). Physical therapy, however, was not initiated until March 20, 1991. This seeming lack of medical treatment is not dispositive. With the costs of medical treatment skyrocketing, many individuals can no longer afford the medical treatment that they need.

For all the foregoing reasons, the Court holds that the Secretary's finding that Plaintiff is capable of performing a full range of light work is not supported by substantial evidence. Hence, the Court finds that the Secretary did not meet her burden of showing that, notwithstanding Plaintiff's physical impairments, she could obtain other gainful employment and that such jobs were available in the national economy. The Court hereby reverses and remands this case to the Secretary to take action consistent with this opinion.

An appropriate order accompanies this memorandum opinion.

### ORDER

This matter comes before the Court on cross-motions for summary judgment. The Court holds that the Secretary's finding that Plaintiff is capable of performing a full range of light work is not supported by substantial evidence. Hence, the Court finds that the Secretary did not meet her burden of showing that, notwithstanding Plaintiff's physical impairments, she could obtain other gainful employment and that such jobs were available in the national economy. Accordingly, the Court hereby ORDERS that Plaintiff's motion for summary judgment of reversal is GRANTED. The Court hereby reverses and remands this case to the Secretary to take

action consistent with the Court's memorandum opinion.