**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LENA AGEE,
<u>Plaintiff-Appellant,</u>

v.

No. 96-1043

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CA-94-381)

Submitted: July 30, 1996

Decided: November 12, 1996

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

H. Russell Vick, Greensboro, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Benjamin H. White, Jr., Assis-
tant United States Attorney, Arthur J. Fried, General Counsel, Ran-
dolph W. Gaines, Acting Principal Deputy General Counsel, A.
George Lowe, Acting Associate General Counsel, Jonathan L. Lasher,
Office of General Counsel, SOCIAL SECURITY ADMINISTRA-
TION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lena Agee appeals the district court's decision affirming the decision of the Commissioner of Social Security that she did not have a severe impairment qualifying her for a period of disability and disability insurance benefits. Finding no error, we affirm.

Agee underwent foot surgery in October 1982. At each follow-up visit, Agee's treating physician noted improvements in her condition. Nine months after the surgery, he directed her to "continue her efforts to return to work" and return to see him only if symptoms persisted. At this time, he also consulted another doctor to review Agee's x-rays. The consulting doctor noted that "there appears to be pseudoarthrosis of the osteotomy involving the proximal aspect of the second metatarsal bilaterally." Upon review, though, Agee's treating physician made no mention of pseudoarthrosis and found that the x-rays showed improvement in Agee's condition.

Agee did not seek help from the treating physician for another two-and-a-half years. At that time, she complained of pain in both feet. However, an examination failed to reveal a medical problem. Further, the treating physician noted that he could "see no obvious cause for her pain. [Agee] asked me about applying for social security. It is my opinion that she is not qualified for social security on the basis of her feet."

At the hearing before an Administrative Law Judge ("ALJ"), Agee testified that she was sixty years old, had a ninth grade education, and previously worked as a cook, cashier, assembly-line worker, and sales clerk. Additionally, she stated that she could cook meals, dust, straighten up beds, crochet, and quilt after her surgery. She also held a job baking bread and took a tour bus vacation of Tennessee.

2

The ALJ found that Agee's foot pain did not constitute a severe impairment, see Hunter v. Sullivan, 993 F.2d 31, 34-35 (4th Cir. 1992), because it did not pose more than a minimal limitation on her ability to perform basic work-related activities. The ALJ found Agee capable of performing her prior work and found her subjective complaints of pain incredible, considering her infrequent need for acute medical care and her range of daily activities. The district court affirmed the ALJ's decision.

We review an ALJ's final decision to determine whether it is supported by substantial evidence and whether the ALJ applied the correct law. See 42 U.S.C.A. § 405 (West Supp. 1996); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). An impairment is severe only if it "significantly limits [one's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

Agee claims the district court's decision was not based on substantial evidence because the combination of her subjective complaints of pain and the consulting doctor's notation establish that she suffers from a severe impairment. However, a claimant's subjective allegation of an inability to work is insufficient, by itself, to establish disability. Craig v. Chater, 76 F.3d 585, 592 (4th Cir. 1996). Further, "`[p]ain is not disabling per se, and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof.'" Id. (quoting Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986)). Not only is Agee's subjective testimony insufficient, but it is inconsistent with her actions. While she claims to have been in acute pain from 1982 until 1987, she sought medical help from her treating physician only five times after surgery, with a two-and-a-half year lapse between the last visit and that preceding it. Further, by her own admission, Agee continued to cook meals, dust, crochet, and quilt, held a job baking bread, and took a tour bus vacation.

Moreover, the opinion of Agee's treating physician must be accorded greater weight than that of the consulting physician because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). Agee's treating physician's opinion can be ignored only "if there is persuasive contrary evidence." Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986). Agee

3

fails to provide such persuasive evidence, alleging only that the consulting physician's observation established that her foot condition was severe. Such an allegation is insufficient to overcome the substantial evidence provided by her treating physician and her own actions.

Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4