**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHERYL A. FAGG,
Plaintiff-Appellant,

v.

No. 95-2097

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Glen E. Conrad, Magistrate Judge.
(CA-94-137-R)

Argued: December 2, 1996

Decided: February 3, 1997

Before HALL, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Charles Dodson Bennett, Jr., Roanoke, Virginia, for
Appellant. William Brian Reeser, Assistant Regional Counsel, Office
of the General Counsel, DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Philadelphia, Pennsylvania, for Appellee. **ON
BRIEF:** Charlotte Hardnett, Chief Counsel, Region III, Office of the
General Counsel, DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Philadelphia, Pennsylvania; Robert P. Crouch, Jr.,

United States Attorney, Julie M. Campbell, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cheryl A. Fagg applied for a period of disability and disability insurance benefits, claiming that she was totally disabled due to chronic back pain, a club foot, and postpolio syndrome. See 42 U.S.C.A. §§ 416(i), 423 (West Supp. 1996). We affirm the decision of the district court denying her claim for benefits.

I.

Fagg developed polio as a child but recovered sufficiently to complete high school and a three-year tour of active duty in the Navy that ended in 1979. In 1992, she sought disability insurance benefits, claiming that she had become unable to work beginning December 31, 1980.[1] Because Fagg's insured status for purposes of disability insurance benefits expired on September 30, 1985, she was required to establish that she was disabled on or before that date. See 42 U.S.C.A. § 423(a)(1)(A), (c)(1); 20 C.F.R.§ 404.131 (1996).

Fagg's initial application for disability insurance benefits and request for reconsideration were denied. Fagg then requested a hearing before an administrative law judge (ALJ). At the hearing, Fagg presented a letter from Dr. Mark Griffith indicating that she had been

_____

[1] Prior to filing her application for disability insurance benefits, Fagg filed a claim for supplemental security income (SSI). The Social Security Administration awarded Fagg SSI based on a finding that she was disabled in April of 1992.

2

totally disabled since 1977 due to postpolio syndrome. The ALJ determined that although Fagg was no longer able to perform her past relevant work, she remained able to perform sedentary work prior to September 30, 1985 and that "there were a significant number of jobs in the national economy which she could have performed from December 31, 1980, through September 30, 1985." R. 137. As a result, the ALJ denied Fagg's claim for benefits, and the Appeals Council subsequently denied her request for review. Fagg then sought review of the denial of her claim in the district court. See 42 U.S.C.A. § 405(g) (West Supp. 1996). The district court held that there was substantial evidence to support the determination by the ALJ that Fagg was not totally disabled for all forms of work prior to September 30, 1985. Fagg v. Shalala, No. 94-0137 (W.D. Va. Apr. 11, 1995).

On appeal, Fagg does not challenge directly the findings of the district court. Rather, she contends that new and material evidence entitles her to a remand for reconsideration of her claim pursuant to § 405(g). Fagg also argues that the decision of the district court should be reversed because the ALJ failed to consult a medical advisor to determine the onset date of her disability. We are persuaded by neither argument.

II.

A.

After filing a notice of appeal with this court, Fagg obtained an opinion letter regarding her postpolio syndrome from another physician, Dr. Jane Wootton. Dr. Wootton concluded that Fagg had become disabled because of the disease at some time prior to 1984. Fagg also obtained a psychological report after filing this action in district court. Fagg asserts that Dr. Wootton's letter and the psychological report constitute newly discovered evidence that entitles her to a remand for further administrative review of her claim. See 42 U.S.C.A. § 405(g).

Fagg must satisfy three prerequisites to merit a remand on the basis of newly discovered evidence: (1) the evidence must be new; (2) it must be material; and (3) there must be "good cause for the failure to incorporate such evidence into the record in a prior proceeding."

3

42 U.S.C.A. § 405(g). In order to demonstrate that the evidence is new, Fagg must show that "[t]he evidence[is] `relevant to the determination of disability at the time the application was first filed and not merely cumulative.'" Borders v. Heckler , 777 F.2d 954, 955 (4th Cir. 1985) (quoting Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983)). The materiality requirement is satisfied if the evidence is such that it "`might reasonably'" have resulted in a different decision. Id. (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)).

Fagg contends that Dr. Wootton's opinion letter constitutes new and material evidence because Dr. Wootton is a specialist on postpolio syndrome and her letter is not as conclusory as Dr. Griffith's letter. Although Dr. Wootton explains postpolio syndrome in greater detail than did Dr. Griffith, she does not indicate to what extent Fagg was disabled or identify what limitations, if any, were created by the disease during the relevant time period. The letter simply reviews Fagg's medical history, discusses the current status of her disability, and opines that the disability began in 1984 prior to the expiration of her insured status. Dr. Wootton's opinion adds nothing to that of Dr. Griffith, who concluded that Fagg was totally disabled due to postpolio syndrome well before September 30, 1985. Because Dr. Wootton failed to present any relevant evidence that the ALJ did not previously consider, we conclude that this evidence is cumulative and that Fagg has failed to demonstrate that it might reasonably have changed the decision of the ALJ in this case. See Evangelista v. Secretary of Health & Human Servs., 826 F.2d 136, 140 (1st Cir. 1987) ("If a losing party could vault the `newness' hurdle of § 405(g) merely by retaining an expert to reappraise the evidence and come up with a conclusion different from that reached by the hearing officer, then the criterion would be robbed of all meaning.").

Fagg also claims that the psychological evaluation that was performed after she filed this action in district court constitutes new evidence entitling her to a remand. Again, we disagree. The report merely suggests that Fagg currently suffers from depression, in part as a result of her postpolio syndrome. It does not assert, however, that Fagg was disabled or limited in any way because of her depression prior to the expiration of her insured status. Thus, we conclude that the report would not have affected the determination of disability benefits in this case.

4

B.

Relying on <u>Bailey v. Chater</u>, 68 F.3d 75 (4th Cir. 1995), Fagg contends for the first time on appeal that the decision of the district court should be reversed because the ALJ erred in failing to consult a medical advisor to determine the onset date of her disability. Since Fagg failed to make this argument during the administrative process or before the district court, we decline to consider it. <u>See, e.g.</u>, <u>Pleasant Valley Hosp., Inc. v. Shalala</u>, 32 F.3d 67, 70 (4th Cir. 1994).

III.

For the foregoing reasons, we affirm the decision of the district court.**2**

<u>AFFIRMED</u>

_____

**2** We have carefully considered Fagg's other arguments and conclude that they are without merit.

5