**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LEE A. SALYERS,
Plaintiff-Appellant,

v.

No. 96-2030

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James C. Turk, District Judge.
(CA-95-143-B)

Submitted: January 28, 1997

Decided: February 20, 1997

Before HALL and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph E. Wolfe, WOLFE & FARMER, Norton, Virginia, for Appel-
lant. James A. Winn, Acting Chief Counsel, Region III, Shawn C.
Carver, Assistant Regional Counsel, Office of General Counsel,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylva-
nia; Robert P. Crouch, Jr., United States Attorney, Julie C. Dudley,
Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment to the Secretary in this action challenging the denial of Child's Supplemental Security Income. We affirm.

Appellant first contends that the administrative law judge (ALJ) erred in failing to give sufficient weight to the assessment of her treating physician. We have held that the opinion of a treating physician is entitled to great weight and may not be disregarded absent contradictory evidence. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). Moreover, a treating physician's opinion can be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case." 20 C.F.R. § 416.927(d)(2) (1995).

Our review reveals that substantial evidence supports the ALJ's decision not to give controlling weight to the treating physician's assessment of Appellant's mental condition. The physician's opinion was both inconsistent with his own reports concerning Appellant's progress and inconsistent with the assessments of other practitioners who examined Appellant.

Appellant next maintains that her treating physician's assessment of her mental condition mandates a finding of disability because of the number of mental functions he rated as "seriously limited but not precluded." See Cruse v. United States Dep't of Health and Human Servs., 49 F.3d 614 (10th Cir 1995). This contention lacks merit, however, because the ALJ did not err in declining to give controlling weight to the treating physician's opinion.

2

Finally, Appellant takes issue with the ALJ's statement that she suffers from an anxiety disorder with "probable" panic attacks. Appellant contends that the ALJ evidently failed to properly consider all the evidence in the record because several medical practitioners clearly diagnosed her with panic disorder. While the record discloses that Appellant has indeed been diagnosed with panic attacks, the ALJ found both Appellant and her mother to lack credibility, based on their testimony at the hearing and due to comments from practitioners concerning Appellant's "systemwise" and "coached" manner of discussing her symptoms.

The ALJ's credibility findings, which evidently influenced his doubt concerning Appellant's condition, are entitled to substantial deference. See Barker v. Shalala, 40 F.3d 789, 795 (6th Cir. 1994). We find that substantial evidence supports the ALJ's credibility findings and so reject Appellant's contention. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Accordingly, we affirm the district court's order granting summary judgment to the Secretary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3