John W. GRIMMETT, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–3498.

United States District Court, S.D. West Virginia, at Huntington.

April 17, 1985.

Amos C. Wilson, Logan, W.Va., for plaintiff.

David Faber, U.S. Atty., Charleston, W.Va., for defendant.

## MEMORANDUM ORDER

STAKER, District Judge.

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Secretary of Health and Human Services, denying his applications for social security disability benefits. The case is presently pending before the court on motion of the defendant for summary judgment.

Plaintiff filed his application on March 10, 1982, alleging that he became disabled in March, 1975, as a result of "black lung disease, emphysema, ulcers-stomach, poor circulation, arthritis in knees." On appeal from an initial and reconsidered denial, an administrative law judge (ALJ), after hearing, found plaintiff not disabled in a decision issued January 28, 1983. That decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review. Plaintiff thereafter filed this action seeking review of the Secretary's decision.

A review of the record in this case establishes certain deficiencies which will require further proceedings. The ALJ, finding that plaintiff could engage in medium work, determined that his impairments were not so severe as to prevent him from performing his former job as an owner-operator of an automobile service station or as a service station attendant. This finding can be sustained, however, only if uncontradicted psychiatric evidence indicating serious impairments is ignored. This evidence, which consists of evaluations from McNeer Mental Health Services, Inc., con-

tains diagnoses of atypical organic brain syndrome with severe impairment; borderline intellectual functioning; generalized anxiety disorder, chronic, moderate to moderately severe; and psychological factor affecting physical condition. The court notes that, from the evidence introduced in social security cases, it would appear that the incidence of mental impairments among claimants in the Southern District of West Virginia is on the increase. It seems a fair surmise that this apparent increase has resulted, at least in part, from the Secretary's failure to have claimants examined by qualified professionals. In lieu of professional opinion, the Secretary too often relies upon evaluations and opinions proffered by the ALJ. That is what occurred here. Without seeking other expert opinion, the ALJ chose to discredit the psychiatric and psychological evidence based on his conclusion that plaintiff "had no prior history of mental impairment or emotional problem ... he has not been hospitalized or treated for a psychiatric disorder [and] the examining psychiatrist did not recommend any further treatment or medication for the claimant."[1] In the absence of any psychiatric or psychological evidence to support his position, the ALJ simply does not possess the competency to substitute his views on the severity of plaintiff's psychiatric problems for those of a trained professional. *See, Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir.1974); *McLain v. Schweiker*, 715 F.2d 866, 869 (4th Cir.1983). The absence of any treatment for impairments as serious as those described by Dr. McNeer and Mr. Brezinski may provide a basis for questioning the severity of the impairments; however, a finding to this effect must be based on medical evidence, not the opinion of a layperson. On remand, if the Secretary questions the validity of these reports, she ought to secure a consultative examination. In addition, the Secretary will be required to evaluate this evidence in terms of whether it relates back to the period of plaintiff's insured status. It is well settled that the Secretary must consider medical reports and testimony regarding a claimant's condition after the expiration of his insured status to the extent that this evidence may relate back in time. *Moore v. Finch*, 418 F.2d 1224 (4th Cir.1969).

For the reasons stated, it is hereby ORDERED that this action be, and the same is, remanded to the Secretary. An additional hearing will be required and the parties should be given an opportunity to develop the record with respect to the issues noted. This ruling necessarily has the effect of denying the parties' motions for summary judgment at this time. It is further ORDERED that this case be retired to the court's inactive docket.

---

1. In this regard, it is noted that the ALJ asked plaintiff, "Anybody ever told you you ought to have any group therapy or take any head medicine medication?" (Tr. 40)