Nora S. WARD, SSN: 227–66–2493, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

Civil Action No. 95–0119–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

April 29, 1996.

**54**

John M. Heuser, Browning & Sharp, P.C., Lebanon, VA, for Plaintiff.

Alonzo H. Long, Assistant U.S. Attorney, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

KINSER, United States Magistrate Judge.

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for supplemental security income ("SSI") benefits under the Social Security Act, as amended, 42 U.S.C. §§ 1381 *et seq.* Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3). The case is before the undersigned United States Magistrate Judge pursuant to consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

■■■ This review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.;* see also *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Plaintiff filed her SSI application in May 1993 and alleged disability since July 11, 1992. She pursued her administrative appeals and filed this action after the Social Security Administration's Appeals Council denied her request for review of the Administrative Law Judge's ("ALJ") decision dated March 13, 1995. *See* 20 C.F.R. § 416.1481. In that decision, which now stands as the final decision of the Commissioner, the ALJ found that plaintiff has the residual functional capacity to perform unskilled light work.[1]

Thus, he concluded that plaintiff can return to her prior relevant work as a sewing machine operator and housekeeper/companion and is therefore not disabled within the meaning of the Act. 42 U.S.C. § 1382c(a)(3); 20 C.F.R. § 416.920(e). For reasons stated herein, the court finds substantial evidence to support this conclusion.

### I.

Plaintiff was born on April 22, 1944, and was 50 years old at the time of the administrative hearing, thus making her an individual "closely approaching advanced age." 20 C.F.R. § 416.963(c). She has a ninth grade education and previously worked as a sewing machine operator and as a housekeeper/companion for an elderly couple. According to plaintiff, she had to lift about 15 pounds and sit most of the day as a sewing machine operator. As a housekeeper/companion, she cooked meals, washed dishes, made beds, and performed general housekeeping.

· Plaintiff alleges disability because of musculoskeletal, cardiovascular, digestive, psychiatric, and genito-urinary impairments. She had an abnormal electrocardiogram when she was hospitalized for a laparoscopic cholecystectomy in June 1994. There is no other evidence of a cardiovascular problem, and plaintiff recovered satisfactorily from the surgery. Plaintiff's treating physician, Dr. Roy Gomez, has treated plaintiff for osteoarthritis of the cervical and lumbar spine and osteoarthritis in both hips. However, in March 1993, plaintiff had a normal bone scan, and X rays of her lumbar spine revealed only minimal osteoarthritis and some spondylothesis at L5 and S1. Dr. Michael Bible, who saw plaintiff on referral from Dr. Gomez, opined that plaintiff has "chronic lower back strain" and recommended only trigger point injections with lidocaine and abdominal strengthening exercises. (R. at 142). Dr. Matthew Wood, a neurosurgeon, examined plaintiff in February 1993 and found that she had full range of motion in the lumbar spine. He also recommended only conservative

---

1. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

treatment. In September 1994, Dr. Gomez completed an assessment of plaintiff's physical ability to perform work-related activities. He limited plaintiff to lifting/carrying up to 10 pounds occasionally but stated that she can sit or stand 8 hours during a workday and walk 4 hours. He also opined that she should not squat, crawl, or climb; work around marked changes in temperature and humidity; or use her hands for pushing/pulling of arm controls.

In February 1993, plaintiff was evaluated by Donald Hodock, a licensed professional counselor. Hodock stated that plaintiff was experiencing symptoms consistent with a Generalized Anxiety Disorder and Dysthymia. He recommended counseling bi-monthly for at least 6 months. In a separate report signed by Hodock and Dr. Andrew Steward, a licensed psychologist, Hodock reported plaintiff's scores on the Wechsler Adult Intelligence Scale–Revised. She obtained a verbal IQ score of 81, performance IQ score of 89, and full scale IQ score of 84.

## II.

Plaintiff contends that the ALJ failed to follow the Fourth Circuit's treating physician's rule, failed to evaluate plaintiff's pain in accordance with Fourth Circuit law and Social Security Ruling 90–1p, and exercised medical expertise which he does not possess. After reviewing these arguments and the record, the court does not agree and finds substantial evidence to support the Commissioner's final decision.

First, since Dr. Gomez was plaintiff's treating physician for several years, plaintiff argues that his opinion must be given controlling weight under the Fourth Circuit's treating physician's rule. *See Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir.1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir.1987). Relying on this rule and Dr. Gomez's physical capacities evaluation in which he limited her to lifting/carrying only 10 pounds occasionally, plaintiff argues that she cannot perform light work. Instead, plaintiff contends that she is limited to sedentary work and is

therefore disabled under the Medical–Vocational Guidelines ("the Grids"), 20 C.F.R., Pt. 404, Subpt. P, App. 2, Rules 201.09 or 201.10.[2]

The Social Security Administration, however, adopted a new regulation in August 1991 regarding the weight to be afforded medical opinions from treating sources. The regulation provides in pertinent part:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 416.927(d)(2).

■ This regulation, like the treating physician's rule, gives more weight to the opinion of a treating source. However, it accords that opinion controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence. The treating physician's rule states that "[w]hile the [Commissioner] is not bound by the opinion of a claimant's treating physician, that opinion is entitled to great weight ... [and] may be disregarded only if there is persuasive contradictory evidence." *Mitchell*, 699 F.2d at 187. While many claimants coming before this court have argued that this rule gives the treating physician's opinion *controlling* weight, the Fourth Circuit has said otherwise. "Although the treating physician rule

---

**2.** Rules 201.09 and 201.10 of the Grids direct a finding of disability for an individual closely approaching advanced age, who has a limited education, can perform only sedentary work, and has unskilled prior work or no transferable skills.

generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir.1992); *see also Craig v. Chater,* 76 F.3d 585, 590 (4th Cir.1996) ("Circuit precedent does not require that a treating physician's testimony 'be given controlling weight.' "). In practice, by according greater weight to the opinion of the treating physician, that opinion frequently controls the outcome of the claim. This court, nevertheless, perceives that 20 C.F.R. § 416.927(d)(2) is not merely a restatement of the Fourth Circuit's treating physician's rule. First, the regulation requires clinical and laboratory evidence to support the physician's opinion whereas the rule, on its face, does not. Second, if both conditions of the section are met, then the treating physician's opinion is given controlling weight. Even though both require that attention be given to "inconsistent evidence" or "contradictory evidence," this court concludes that 20 C.F.R. § 416.927(d)(2) supersedes the traditional Fourth Circuit treating physician's rule. *Accord Winford v. Chater,* 917 F.Supp. 398, 400 (E.D.Va.1996) ("[t]his regulation [20 C.F.R. § 404.1527] supersedes the Fourth Circuit's 'treating physician rule....' ");[3] *Shrewsbury v. Chater,* No. 94–2235, 1995 WL 592236 at *9 n. 5 (4th Cir. Oct. 6, 1995) (unpublished) ("As regulations supersede contrary precedent, ... the cases cited by Shrewsbury defining the scope of the 'treating physician rule' decided prior to 20 C.F.R. § 416 and related regulations are not controlling.") (citation omitted); *Schisler v. Sullivan,* 3 F.3d 563, 568 (2nd Cir.1993) (holding that the 1991 regulations supersede the Second Circuit's treating physician's rule and "that the regulations are 'reasonable' and not 'arbitrary, capricious, or manifestly contrary to the statute.' ") (citation omitted).

■ Using this regulation, the court finds that there is substantial evidence to support the ALJ's rejection of Dr. Gomez's assessment which limited plaintiff to sedentary work. First, Dr. Gomez's treatment notes do not confirm his conclusion that plaintiff can

lift only 10 pounds occasionally, and he offered no explanation for that finding. Furthermore, the diagnostic tests, specifically X rays and a bone scan, were essentially normal, and except for a cholecystectomy, plaintiff has received only conservative treatment for all of her medical problems. Finally, the two specialists who treated her, Drs. Bible and Wood, likewise made no significant diagnoses. Thus, the court finds substantial evidence to support the ALJ's finding that plaintiff has the residual functional capacity to perform light work. The ALJ complied with 20 C.F.R. § 416.927(d), and his conclusion that plaintiff can perform light work is based on the evidence and is not a substitution of his opinion for that of a medical professional. *See Grimmett v. Heckler,* 607 F.Supp. 502 (S.D.W.Va.1985) (ALJ cannot substitute his opinion for that of a doctor).

■ Plaintiff also listed Hodock as one of her treating physicians. However, he is only a counselor and thus not an acceptable medical source under 20 C.F.R. § 416.913(a). While he may work in conjunction with Dr. Steward, the report from Hodock did not reflect any participation by Dr. Steward in the evaluation. The only document which Dr. Steward signed was the results of the intellectual testing. Neither that testing nor Hodock's report is inconsistent with the ALJ's finding that plaintiff can perform unskilled work.

The court has also considered plaintiff's argument regarding the ALJ's pain analysis and finds that there simply is no "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." *Craig,* 76 F.3d at 591. The objective medical findings are at best minimal. Moreover, plaintiff's medication list reveals no prescription medicine for pain. (R. at 155).

For these reasons, the court finds substantial evidence to support the ALJ's conclusion that plaintiff has the residual functional capacity to return to her prior work and is

---

**3.** 20 C.F.R. § 404.1527 applies to claims for a period of disability and disability insurance benefits, and the regulation in the present case, 20 C.F.R. § 416.927, applies to claims for supplemental security income. The language in both sections is identical.

therefore not disabled. *See* 20 C.F.R. § 416.920(e). According to plaintiff, that work did not involve lifting more than 15 pounds, which is slightly less than the full range of light work. Having found substantial evidence, the Commissioner's final decision must be affirmed. *Laws,* 368 F.2d at 642.