Ruth H. SIMS, Appellant,

v.

Patricia R. HARRIS, United States Secretary of Health, Education and Welfare, Appellee.

No. 79–1785.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1980.

Decided Sept. 23, 1980.

---

Nancy McCormick, Palmetto Legal Services, Columbia, S.C., for appellant.

Joel Lerner, Dept. of HEW, Atlanta, Ga. (Thomas E. Lydon, Jr., U.S. Atty., Columbia, S.C., Carl H. Harper, Regional Atty., Craig Stitt, Asst. Regional Atty., Dept. of HEW, Atlanta, Ga., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WIDENER and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Ruth H. Sims appeals the district court's affirmance of the denial of disability benefits under the Social Security Act by the Secretary of Health, Education and Welfare. Although she appeared without counsel at the hearing before the Secretary, she is now represented by Legal Services attorneys who contend that the Administrative Law Judge did not give claimant the full and fair hearing required by 20 C.F.R. 404.927 and 416.1441. We agree with that contention for the reasons set forth below, and remand the case to the Secretary for reconsideration in light of the evidence to be developed by claimant's counsel at a new hearing.

## I.

Claimant, now 41, has worked primarily as a maid, kitchen helper and laundry worker. She lives at home with her son and her apparently handicapped daughter. She claims to be unable to work because of high blood pressure, arthritis, "misery" in her knees and arms, a tendency to "blink out", headaches, nervousness and sleeplessness. The medical evidence in the record at the time of the hearing consisted of four–year old medical data from an earlier hearing, a chest x–ray, an electrocardiogram and a general practitioner's report that claimant had diabetes, an enlarged heart, hypertension and obesity; his opinion was that all were treatable conditions. At the hearing, the only new medical evidence introduced was claimant's subjective descriptions of her physical and psychological ailments made in response to the Administrative Law Judge's questions.

Following a 1¼ hour hearing, the Administrative Law Judge determined that there was no medical evidence of an impairment that would prevent the claimant from engaging in her former jobs. Claimant later filed with the Appeals Council a doctor's letter stating that she was under care for diabetes mellitus, osteoarthritis of the spine and knees and hypertensive cardiovascular disease; he concluded that she was totally disabled from work. The Appeals Council considered the report but affirmed the Secretary's decision as being supported by substantial evidence, stating that conclusory opinions by physicians are not determinative of the question of disability. The Council pointed out that the physician had not supported his findings by clinical and diagnostic studies, and also had not stated why these conditions would prevent claimant from working. Despite a timely motion by claimant to remand, the district court affirmed.

## II.

Claimants in disability cases are entitled to a full and fair hearing of their claims, 20 C.F.R. 404.927 and 416.1441, and the failure to have such a hearing may constitute good cause sufficient to remand to the Secretary under 42 U.S.C. § 405(g) for the taking of additional evidence. While lack of representation by counsel is not by itself an indication that a hearing

was not full and fair,[1] it is settled that where the absence of counsel created clear prejudice or unfairness to the claimant, a remand is proper. *Dombrowolsky v. Califano*, 606 F.2d 403 (3rd Cir. 1979); cf. *Cross v. Finch*, 427 F.2d 406 (5th Cir. 1970). It is equally settled that in *pro se* cases, Administrative Law Judges have a duty to assume a more active role in helping claimants develop the record. *Crider v. Harris*, 624 F.2d 15 (4th Cir. 1980); *Livingston v. Califano*, 614 F.2d 342 (3rd Cir. 1980). Our examination of the record in light of the Administrative Law Judge's heightened responsibility convinces us that claimant here suffered clear prejudice and unfairness because she was without counsel. It required over seven pages of transcript to establish claimant's name, age and address for the record. She was confused about how to object to the medical evidence in her file and nearly all of her own testimony concerning her medical problems was directionless and generally incoherent. The record shows that the Administrative Law Judge was unfamiliar with claimant's former job duties and medical ailments and his inquiries failed to establish the nature of either with any specificity.[2] We find that the Administrative Law Judge did not meet his burden of helping a *pro se* claimant develop her case in order to insure a full and fair hearing.

At oral argument, claimant's counsel suggested several areas in which evidence would be developed on remand, including I.Q. testing, psychological examination, the possibility of heredity in her daughter's mental condition, claimant's work experience and daily lifestyle, and other medical evidence. This showing of the nature of the evidence that could have been produced at the Secretary's hearing had counsel been present or had the Administrative Law Judge been more diligent in his inquiries convinces us that the Secretary's decision "might reasonably have been different had [that] evidence been before [her] when [her] decision was rendered". *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). Claimant was effectively disabled from substantiating her claim. See *Cullison v. Califano*, 613 F.2d 55 (4th Cir. 1980). We accordingly remand this case to the Secretary for a new hearing.

We point out that we do not express an opinion on whether claimant is or is not entitled to disability benefits; we decide only that her lack of representation by counsel coupled with the Administrative Law Judge's failure to help her adequately develop the evidence led to a denial to claimant of a full and fair hearing.

*Reversed and remanded.*

---

1. We do not decide whether there was a knowing and intelligent waiver of counsel at the hearing. It cannot be seriously contended, however, that claimant understood the Administrative Law Judge's distinction between her rights under the disability program and those under the supplemental security income program if she desired to appeal or renew her application at a later date. (See *Adm. Record* at 27).

2. The Administrative Law Judge's comments to claimant early in the hearing are an indication of his disinclination to help claimant fully develop her case. (See *Adm. Record* at 26).

   ". . . according to the records that the doctor has sent in here, it does not appear there's anything real seriously wrong with you." (6 -8)

   "Well, you may think there's something wrong with you, but from a medical standpoint, it's possible that there's . . . you do not have any serious handicap." (9–11)