Emaline M. WALKER, Appellant,

v.

Patricia R. HARRIS, Secretary of Health, Education & Welfare, Appellee.

No. 80–1344.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 5, 1981.

Decided Feb. 23, 1981.

Sean P. Devereux, Legal Aid Service of the Buncombe County Bar Ass'n, Inc., Asheville, N. C., for appellant.

Wayne C. Alexander, Asst. U. S. Atty., Charlotte, N. C. (Harold M. Edwards, U. S. Atty., Max O. Cogburn, Jr., Asst. U. S. Atty., Asheville, N. C., on brief), for appellee.

Before WINTER, RUSSELL, and PHILLIPS, Circuit Judges.

WINTER, Circuit Judge:

Emaline Walker appeals from an order of the district court affirming the decision of the Secretary of Health, Education and Welfare (HEW) denying her claim for Supplemental Security Income (SSI) disability benefits. She contends, and we agree, that her inability to participate effectively in her hearing before the administrative law judge, her then lack of counsel and the administrative law judge's failure to explore facts relevant to her claim of disability provide sufficient grounds to remand her case for a new hearing.

### I.

Mrs. Walker is a fifty-four-year-old woman with a fourth-grade education. Her only employment experience has been in taking care of children in private homes. The record reflects that she has experienced a variety of medical problems. Since 1967 she has undergone surgery and continued treatment for urinary tract infections. She suffers from diabetes. One doctor discovered symptoms of heart disease in the claimant in 1975. She has hypertension and shortness of breath, probably resulting from her extreme obesity. In July 1977, she suffered a fracture of the left leg near the knee. In September 1978, her physician reported degenerative arthritis in the area of the knee. In April 1978, she spent several weeks in the hospital recovering from an infection resulting from a blow to her forehead from the blunt end of an ax. Since 1963 she has complained of headaches, dizziness, and occasional blackouts. In addition to the insulin injections for her diabetes, the claimant regularly resorts to a formidable arsenal of drugs, including Valium, to alleviate her various illnesses.

Mrs. Walker filed an application for SSI benefits in February 1978. The claim was initially denied and she requested a hearing before an administrative law judge. After a brief hearing at which she was not represented by counsel, the administrative law judge issued a decision denying benefits on the ground that no medical evidence supported a finding that any impairment

would prevent her from engaging in "at least some of her former activities." The HEW Appeals Council approved the decision, and the district court, finding that there was substantial evidence to support the Secretary's decision, affirmed her determination and dismissed claimant's petition for judicial review.

## II.

■ The standard for determining eligibility for SSI disability benefits consists of a two-fold test which it is a claimant's burden to satisfy:

First, there must be a medically determinable physical or mental impairment, and second, the impairment must be such as to render her unable to engage in substantial gainful employment.

*Blalock v. Richardson*, 483 F.2d 773, 775 (4 Cir. 1972); *see* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1501(b). Federal courts in reviewing the Secretary's determination of disability under this standard, must accept the Secretary's judgment when supported by substantial evidence. *Blalock v. Richardson, supra*, at 775.

■ However, 42 U.S.C. § 405(g) empowers federal courts "on good cause shown" to remand a case to the Secretary for the taking of additional evidence. Recent cases in this circuit firmly establish that, even though the record as it is presented to the court may contain substantial evidence to support the Secretary's decision, the court may still exercise its power to remand for the taking of additional evidence. *Sims v. Harris*, 631 F.2d 26 (4 Cir. 1980); *Marsh v. Harris*, 632 F.2d 296 (4 Cir. 1980). In a great number of cases, courts of appeals have found good cause to remand where the administrative law judge fails diligently to explore all relevant facts—especially in cases of uneducated, *pro se* claimants—and where the absence of counsel appears to

prejudice a claimant. *See, e. g., Sims v. Harris, supra; Marsh v. Harris, supra; Cutler v. Weinberger*, 516 F.2d 1282 (2 Cir. 1975); *Hess v. Secretary of HEW*, 497 F.2d 837 (3 Cir. 1974). *See also* 20 C.F.R. § 404.927.

■ This firmly established judicial policy compels us to remand this case to enable Mrs. Walker a genuine opportunity to present her claims.[1] Mrs. Walker, with only four years of formal education, appeared unrepresented before the administrative law judge. The hearing lasted nineteen minutes.[2] The claimant called no witnesses. The transcript reflects a barely-coherent, rambling monologue by her concerning, among other things, cats, chickens, unnatural sexual acts sought to be performed on her nephew, the death of her sister, and the removal of her nephew from her home. The administrative law judge made no effort to focus her testimony on relevant matters. Aside from an occasional "uh-huh", the administrative law judge simply waited for Walker to exhaust herself and then concluded, "Do you think that about covers your problems?" We have no difficulty concluding that the administrative law judge failed in her duty "scrupulously and conscientiously [to] probe into, inquire of, and explore for all the relevant facts" in this case involving an unrepresented, poorly-educated *pro se* claimant. *Gold v. Secretary of HEW*, 463 F.2d 38, 43 (2 Cir. 1972).

Although we express no view on the merits of Mrs. Walker's claim, the serious omissions evident in the opinion of the administrative law judge demonstrate that Mrs. Walker suffered clear prejudice from the absence of counsel and from the passive role played by the administrative law judge. The opinion contains no discussion of the details of her former job duties and never addresses potential side effects of her many

1. When questioned at oral argument, Mrs. Walker's counsel on appeal indicated that he would continue to represent her in the event of a remand.

2. As applied to the facts of this case, "hearing" is an appellation applied only euphemistically.

At oral argument, in what may charitably be called an understatement, counsel for the government conceded that the proceedings before the administrative law judge "left much to be desired."

medications. The numerous medical reports, simply listed *seriatim* in the opinion, deal with each of her ailments in isolation, but never attempt to gauge the cumulative impact of her various conditions. The medical evaluation process, as Mrs. Walker's counsel picturesquely suggests, is reminiscent of the familiar parable of the blind men discovering the elephant. Each participant focused on only a small piece of a larger problem. Without counsel, and with no assistance from the administrative law judge, the claimant could scarcely hope to organize the pieces into a coherent whole.

We reverse and remand to the district court with instructions to remand to the Secretary for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.