861 F.2d 264
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bathsheba HARTSELL, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary Department of Health & Human
Services, Defendant- Appellee.
 No. 88-3935.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 6, 1988.
Decided: Oct. 6, 1988.
 
 Timothy Edward Mering (Robert R. Jenkins, Paul R. Schlitz, Jr., JENKINS & BLOCK, P.A., on brief), for appellant.
 James Anthony Winn, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel; Charlotte Hardnett, Chief, Social Security Litigation Division; Paul S. Ceja, Assistant Regional Counsel; Office of the General Counsel, Department of Health and Human Services; Breckinridge L. Willcox, United States Attorney; Larry D. Adams, Assistant United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, JAMES DICKSON PHILLIPS, Circuit Judge, and PAUL V. NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Bathesheba Hartsell appeals from the decision of the United States District Court for the District of Maryland, which affirmed the Secretary of Health and Human Services' denial of her claim for Social Security disability insurance benefits. The district court found that the decision of the Secretary was supported by substantial evidence. Appearing before the Administrative Law Judge (ALJ) pro se, Hartsell was not advised of her right to counsel and she failed to develop a sufficient record of her pain to afford her an award of disability. Since the decisions of the Secretary and the district court below, she has undergone an anterior cervical fusion for which she now has a new claim for disability pending. In view of this change of condition, she filed a motion to remand this matter. Without deciding whether this newly evidenced condition is objective evidence of the pain that was sketchily described in the record below or whether it is an unrelated event, we will grant the motion to remand this case based on the combination of the unique circumstances of her earlier hearing and the newly pending claim.
 
 
 2
 * Mrs. Hartsell is a 60-year-old woman with an 11th grade education. The record reflects that she suffers from a variety of medical problems, including diabetes, hypertension, obesity, and heart disease. She has been treated for various complications of these illnesses, such as peripheral neuropathy, diabetic retinopathy, headaches, urinary tract infections, and drug reactions to medication.
 
 
 3
 For many years, Mrs. Hartsell worked in her family's business running a gas station and delivering newspapers. From 1967-76 she worked for Holiday Inn and from 1977-85 for the Bonfire Restaurant as a "shift manager." She substituted as cook, cashier, dishwasher, waitress or bar manager whenever necessary. On May 25, 1985, she was laid off and has not been employed since then. She tried to find employment in the restaurant field in the latter part of 1985 but abandoned those efforts after January 1986.
 
 
 4
 Mrs. Hartsell filed her initial application for disability insurance benefits on September 5, 1985, alleging an onset date of disability of May 25, 1985. Her claim was denied initially and on reconsideration. Following a hearing held on September 12, 1986, the ALJ found no medical evidence of an impairment that would prevent Mrs. Hartsell from engaging in her former work as a restaurant manager.
 
 
 5
 Mrs. Hartsell was not represented by counsel at the hearing, and the ALJ did not inform her of her right to retain counsel. The hearing lasted 27 minutes and consisted essentially of Mrs. Hartsell's responses to a format of questions from the ALJ. Most of the evidence at the hearing concerned the objective medical facts of Mrs. Hartsell's illnesses, the diagnoses and expert opinions of physicians, and the personal history of the claimant. There was a brief inquiry into her past work as a restaurant "shift manager" but a noticeable lack of questioning as to her present physical abilities and limitations. Although she admitted to doing some cooking, house cleaning, or grocery shopping, there were only two rather general references to the pain that Hartsell claims to have been suffering at the time. At one point she said:
 
 
 6
 ... my legs hurt so bad that I don't get very much rest unless I take something for pain, and I don't take that unless it is absolutely necessary.
 
 
 7
 At the end of the hearing, the ALJ asked Hartsell if she had anything else to say and she answered:
 
 
 8
 No, except that my legs. Dr. Rose told me that they would not get any better and that they would gradually get worse. And the only thing they can do is just give me the medication to help ease the pain.
 
 
 9
 After the record developed in this case, Hartsell underwent surgery for an anterior cervical fusion in the spine. As a consequence she has filed a new claim for disability with the Secretary which is pending. The record is inadequate to determine whether this is corroborative objective evidence of the pain that Hartsell claims she was suffering.
 
 II
 
 10
 It is customary for an ALJ, before initiating testimony from pro se claimants, to inquire whether they understand that there is a right to counsel. There is no record of the ALJ informing Mrs. Hartsell of this right. A notice from the Social Security Administration, addressed to Mrs. Hartsell and advising her of her right to be represented by counsel, was sent to her home before the hearing, but there is no evidence that she ever received it or, if she did, that she understood it. A copy of the notice was placed in the transcript, but it was not marked as an exhibit and introduced into evidence at the hearing.
 
 
 11
 The Secretary has no duty to insist that a claimant have counsel. Marsh v. Harris, 632 F.2d 296 (4th Cir.1980). The fact that Hartsell was not represented by counsel is not in itself reason to reverse the Secretary's decision denying benefits. An ALJ should always take special account, however, of any impairment, such as the lack of counsel, that might effectively disable a claimant from substantiating her claim. In this case, the ALJ might well have inquired whether Mrs. Hartsell was aware of her right to obtain counsel.
 
 
 12
 Where absence of counsel creates clear prejudice or unfairness to claimant, a remand to the Secretary is proper. Sims v. Harris, 631 F.2d 26 (4th Cir.1980). An attorney in this case may have been able to elicit more information about the pain that Mrs. Hartsell claims to have been experiencing and may have been able to expand the testimony on her former job duties.
 
 III
 
 13
 While pain forms the core of Hartsell's claim, little testimony was pursued on the subject. She made one statement about the pain in her legs without follow-up. At the close of the hearing, when asked whether she had anything else to say, she replied, "No, except that my legs...." There was no follow-up there either.
 
 
 14
 Subjective evidence of pain is to be weighed in determining disability. Blalock v. Richardson, 483 F.2d 773 (4th Cir.1972); Lackey v. Celebrezze, 349 F.2d 76 (4th Cir.1965); Dillon v. Celebrezze, 345 F.2d 753 (4th Cir.1965). Additionally, the ALJ is required by 20 C.F.R. Sec. 404.927 to inquire fully into each relevant issue. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir.1962), cert. denied sub nom Heath v. Celebrezze, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1963). The ALJ should scrupulously and conscientiously probe into, inquire of, and explore all relevant facts, being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited. Marsh v. Harris, supra. The performance of this duty is particularly important when a claimant appears without counsel. Marsh v. Harris, supra. Under those circumstances, the ALJ has a "heightened duty of care and responsibility" to fully develop the evidence of an alleged disability. Sims v. Harris, supra; Crider v. Harris, 624 F.2d 15 (4th Cir.1980).
 
 
 15
 It is firmly established that, even though the record as it is presented to the court may contain substantial evidence to support the Secretary's decision, the court may still remand for the taking of additional evidence when the administrative law judge has failed to explore all relevant facts and where the absence of counsel appears to have prejudiced a pro se claimant. Walker v. Harris, 642 F.2d 712 (4th Cir.1981); Marsh v. Harris, supra.
 
 IV
 
 16
 The circumstances in this case of Hartzell's pro se prosecution of her claim and the absence of advice to her of a right to have counsel might not, alone, justify remand, although we need not make that determination. The recent surgery on Hartzell's back satisfies the four prerequisites for remand to the Secretary because of newly discovered evidence. Borders v. Heckler, 777 F.2d 954 (4th Cir.1985); Mitchell v. Schweiker, 699 F.2d 185 (4th Cir.1983). The subsequent anterior cervical fusion may be relevant to the determination of disability at the time of Hartsell's initial application in that it might provide objective evidence to support her complaints of pain, and it is not cumulative. Hartsell could not have presented this evidence at the hearing, and she has made a general showing of its nature. This evidence raises sufficient additional questions which, when combined with all the circumstances, persuades us to grant the motion to remand to the district court with instructions to remand this case to the Secretary.
 
 
 17
 We make no conclusions on the merits of Hartzell's claim. On the contrary, we grant the motion to remand to permit the Secretary to consider the recent developments in Hartzell's condition and to give her the opportunity to amplify the record on the pain she claims in the existing case.
 
 
 18
 Motion to Remand GRANTED with instructions consistent with this opinion.