922 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elmer BOWEN, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 90-2918.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1990.
Decided Jan. 14, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-88-140-B)
 Elmer Bowen, appellant pro se.
 Jean Martel Barrett, Assistant United States Attorney, Roanoke, Va., Sharon Teris Whitney, Assistant Regional Counsel, Philadelphia, Pa., for appellee.
 W.D.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Elmer Bowen appeals from a decision of the district court affirming the denial of disability and disability insurance benefits, pursuant to the Social Security Act, as amended, 42 U.S.C. Secs. 416(i) and 423, by the Secretary of Health and Human Services (hereinafter Secretary). For the reasons that follow, we vacate the judgment below and remand the case.
 
 I.
 
 2
 Bowen, a heavy equipment mechanic, injured his back while working on Friday, January 9, 1981. Continuing back pain caused him to change to the less strenuous job of a bell operator and stockman for a gravel quarry. He alleges that after a while his pain also prevented him from performing this job. Bowen has been unemployed since December 1983. On April 10, 1987, he applied for disability benefits, alleging disability as of December 22, 1983.
 
 
 3
 After a hearing, the administrative law judge (hereinafter ALJ) found that although Bowen's back injury prevented him from performing his past relevant work, he was able to perform the full range of light work. The ALJ relied on the medical vocational guidelines (hereinafter grids) in concluding that Bowen was not disabled and therefore not entitled to benefits.
 
 
 4
 The medical evidence of record established that Bowen suffers from lumbar and sacral disc bulging and related degenerative changes, including arthritis. These findings were supported by radiographic studies. In addition to this medical evidence, Bowen testified that he suffers constant pain which is increased by lifting, carrying or bending. He can stand for no more than 30 minutes and cannot sit in the same position for more than one hour. He has great difficulty sleeping and takes Nalfon, Darvocet, and Advil for his pain.
 
 
 5
 The ALJ erroneously disregarded Bowen's testimony of pain, concluding that the "claimant's subjective expressions as to the severity of his impairments, including pain, are not fully substantiated by the objective findings in the medical evidence." We held in Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986), that "[t]he Disability Reform Act requires medical evidence of a condition that could reasonably produce pain, not objective evidence of the pain itself or its degree." In reaching this conclusion, we explicitly rejected the notion relied on by the ALJ here--that subjective testimony of pain could be disregarded because the medical evidence did not prove the severity of the pain the testimony asserted. Id.
 
 
 6
 Having disregarded Bowen's subjective evidence of pain, the ALJ relied on the grids to determine that Bowen was not disabled. However, because Bowen presented substantial evidence of nonexertional pain, and there was objective evidence of a medical condition that could reasonably cause pain, we conclude that the ALJ erred in relying on the grids as more than guidelines in evaluating Bowen's claim. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.1989).
 
 II.
 
 7
 Even if the ALJ had not erred in its handling of Bowen's testimony of pain, we would find it necessary to remand this case because of new evidence submitted by Bowen on appeal.* This evidence consists of a letter from Dr. James W. Wolfe, Bowen's treating orthopaedic surgeon, addressed to the Clerk of this Court, stating that Bowen now has nonexertional pain which prevents him from doing even light duty work.
 
 
 8
 In order for us to remand Bowen's case on the basis of new evidence, Bowen must establish that (1) the evidence was "relevant to the determination of disability at the time the application was first filed and not merely cumulative," Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir.1983); (2) the Secretary's decision "might reasonably have been different" had he had this new evidence, King v. Califano, 599 F.2d 597, 599 (4th Cir.1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir.1980); (3) he had good cause for not submitting the evidence when the claim was before the Secretary, 42 U.S.C. Sec. 405(g); and (4) he must make "at least a general showing of the nature" of the new evidence to the reviewing court, King, 599 F.2d at 599; Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.1985).
 
 
 9
 Dr. Wolfe's letter, which evidences a worsening in Bowen's condition rendering him unable to do light work as a result of his nonexertional pain, meets our prerequisites for remand. The Secretary's decision might "reasonably have been different" if he had had this evidence. As Bowen's treating physician, Dr. Wolfe's opinion is "entitled to great weight." Vitek v. Finch, 438 F.2d 1157, 1160 (4th Cir.1971). While the Secretary cannot be bound by Dr. Wolfe's opinion, the opinion "may be disregarded only if there is persuasive contradictory evidence." Mitchell, 699 F.2d at 187 (citing Oppenheim v. Finch, 495 F.2d 396 (4th Cir.1974); Vitek, 438 F.2d at 1160). Hence, Dr. Wolfe's opinion "might have reasonably" resulted in a different ALJ opinion.
 
 
 10
 Bowen meets the prerequisite of showing the general nature of the new evidence. Dr. Wolfe's letter clearly establishes the new evidence to be shown: that Bowen suffers from "nonexertional pain" and that he is disabled even for light duty work. This evidence is not cumulative, but instead reflects Dr. Wolfe's determination that Bowen's condition is deteriorating.
 
 
 11
 We also find that Bowen meets the prerequisites that the evidence must be relevant at the time the application was filed and that there was good cause for not submitting the evidence to the Secretary. As we have observed, Dr. Wolfe's letter shows that Bowen's present condition results from a degenerative process. See Kemp v. Weinberger, 522 F.2d 967, 969 (9th Cir.1975) (remanded on new medical evidence showing advancement of degenerative disease); Mitchell, 699 F.2d 185 (remanded on new evidence of hospitalization for previous condition). Because the opinion expressed by Dr. Wolfe is based on an exam conducted after the conclusion of proceedings before the ALJ, he could not have submitted this letter at the time of the hearing. Since the evidence of this current deterioration is "highly relevant[ ] [and] probative, [it] must be considered before a rational determination of disability can be made." Parks v. Harris, 614 F.2d 83, 84-85 (5th Cir.1980) (remanded on new medical evidence, not properly before the court, related to previously introduced evidence on dizziness).
 
 
 12
 Since we "may not grant disability benefits on the basis of newly discovered evidence," Mitchell, 699 F.2d at 188, and because the ALJ failed to properly consider Bowen's subjective degree of pain, we vacate the judgment of the district court and remand this case to the ALJ for further consideration of Bowen's claim in light of his testimony of pain and the new evidence presented by his treating physician, Dr. Wolfe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 13
 VACATED AND REMANDED.
 
 
 
 *
 We agree with the district court that the medical evidence Bowen submitted while his appeal was pending before that court did not require remand of his case