**Brenda D. ARTHUR, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**Civil Action No. 7:01CV01024.**

United States District Court, W.D. Virginia, Roanoke Division.

July 25, 2002.

Amy L. Hansen, Lumsden, Overstreet & Hansen, Roanoke, VA, for plaintiff.

Sara Bugbee Winn, U.S. Attorney's Office, Roanoke, VA, Peter S. Krynski, Office of General Counsel, Falls Church, VA, for defendant.

### MEMORANDUM OPINION

CONRAD, United States Magistrate Judge.

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

■ The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir.1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The plaintiff was born on March 20, 1945, and has a high school education with one college class in basic electricity. Plaintiff has past relevant work experience as a tester and assembler for AT & T and last worked for AT & T on March 15, 1990. On October 15, 1998, plaintiff filed an application for a period of disability and disability insurance benefits. Plaintiff alleges that she became disabled on March 15, 1990 due to back pain related to an injury she sustained in October, 1989. Plaintiff maintains that she has remained disabled to the present time due to her back pain, depression, and generalized anxiety disorder. The record reveals that plaintiff met the insured status requirement of the Act through the fourth quarter of 1995, but not thereafter. *See* 42 U.S.C. §§ 414 and 423. Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 1995. *See, gen.,* 42 U.S.C. § 423.

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated March 30, 2000, the Law Judge concluded that plaintiff was not disabled. In reaching his conclusion, the Law Judge considered the plaintiff to have had "severe" impairments. *See* 20 C.F.R. § 404.1520(c). However, the Law Judge determined that

these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. *See* 20 C.F.R. § 404.1520(d). Furthermore, the Law Judge found that plaintiff possessed transferable skills from her past relevant work, and that she retained sufficient functional capacity to perform a significant range of sedentary work. (TR 146). Based on plaintiff's age, education, and past work experience, and after considering the testimony of the vocational expert, the Law Judge determined that there were several sedentary jobs that plaintiff could have performed which existed in significant number in the national economy. Therefore, the Law Judge found that the plaintiff was not under such a disability so as to establish entitlement to disability insurance benefits. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council on November 2, 2001. Having exhausted all available administrative remedies, the plaintiff has now appealed to this court.

■ While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether the plaintiff was disabled for all forms of substantial gainful employment. *See* 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills and age. *Vitek v. Finch,* 438 F.2d 1157, 1159–60 (4th Cir.1971); *Underwood v. Ribicoff,* 298 F.2d 850, 851 (4th Cir.1962).

■ After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The plaintiff has suffered from back pain since her on-the-job accident in 1989 when she fell out of her chair. The record includes numerous medical reports concerning her condition in 1990 and the treatment she received. With the presence of degenerative disk disease at two levels, plaintiff underwent a Steffe fusion of L5–S1, performed by Dr. Robert Widmeyer on March 29, 1990. (TR 280–81). Following the surgery, the plaintiff had significant relief from her back pain and was able to increase her daily activities. (TR 317). She continued her improvement for almost a year and the progress notes from early 1991 indicate that she might have been "considered for rehabilitation or vocational training" in two or three months. (TR 316). However, in March of 1991, plaintiff's condition deteriorated and she went to the emergency room for increased back pain with radiation into her hips. Plaintiff's condition rebounded and on July 1, 1991, a letter from Roanoke Orthopedic Center indicates that the plaintiff had "reached her maximum medical improvement" and that plaintiff could engage in work, though with certain restrictions. (TR 314). Unfortunately, plaintiff's condition again deteriorated and in May, 1992, Dr. Widmeyer's progress notes indicate that plaintiff was "unable to work at [that] time." (TR 311). On April 3, 1992, plaintiff had her Steffe plates removed, yet, she did not receive much relief and Dr. Widmeyer's subsequent notes indicate that the plaintiff's lumbar spine remained segmentally unstable. Dr. Widmeyer treated plaintiff through September 2, 1993 and almost all of Dr. Widmeyer's record entries following the removal of the Steffe plates indicates that the plaintiff was not able to work, and in some instances the

notes indicate that the inability to work was permanent.

Once the plaintiff was no longer under the care of Dr. Widmeyer, she did not seek any medical treatment for her back until she was seen by Dr. Cecil Knox in October, 1995. On October 17, 1995, an x-ray of plaintiff's spine revealed mild degenerative disc disease at C3, C5 and C6, degenerative disc disease at L1 and L4, as well as the L5–S1 posterior fusion. (TR 324). Furthermore, the x-ray report noted no instability associated in either the cervical spine or lumbar spine regions. *Id.* Plaintiff was instructed to perform home exercises and did not seek further treatment until her return to Southwest Virginia Physical Medicine and Rehabilitation (Southwest) on June 20, 1997, because of injuries she sustained when she "fell flat on her back." (TR 386–388). The progress notes from Southwest indicate continued chronic pain throughout her body through 1997.

Thereafter, plaintiff's emotional condition became a primary focus in her treatment. Her emotional problems were accentuated by the burdens placed upon her by her husband's disability, and the effect of these issues on her level of chronic pain. (TR 33). In addition to receiving treatment at Southwest, plaintiff was referred to Professional Rehab Associates, Inc. on January 7, 1998. On April 23, 1998, plaintiff's physical therapist indicated that the plaintiff had enjoyed "excellent progress" and she was discharged to home therapy. (TR 327). On October 5, 1999, Dr. Knox completed an assessment of Physical Ability To Do Work–Related Activities and determined that the plaintiff: 1) could lift ten pounds occasionally and less than ten pounds frequently; 2) could stand less than two hours in an eight hour day, at 15 minute intervals; 3) could sit less than two hours in an eight hour day, at 20 minute intervals; 4) would need to lie down at least every two hours; and 5) would miss work more than three times a month.

Plaintiff also suffers from psychological problems which have been present since sometime in the early 1990's. These emotional problems were discussed somewhat throughout Dr. Widmeyer's notes, but there is no assessment of the severity of these difficulties or the effect her condition had upon her ability to perform in a workplace setting. Additionally, there are references made to plaintiff's psychiatrist, Dr. Morgan Scott. On September 2, 1993, Dr. Widmeyer stated that plaintiff had recently stopped taking Zoloft as prescribed by her psychiatrist, and some of Dr. Widmeyer's records were copied to Dr. Scott. While it is clear that plaintiff was undergoing psychiatric treatment in the early 1990's, Dr. Scott's medical records were not available to the Commissioner. Consequently, it is not possible to determine what impact these additional problems may have had upon plaintiff's ability to work or even whether they qualified as an impairment during that time.

As indicated above, the progress notes from Southwest make reference to plaintiff's emotional problems. Bill James, LPC, from Southwest, initially met with plaintiff on June 2, 1997, concerning her emotional health. Plaintiff was said to be suffering from depression associated with her chronic pain syndrome. (TR 337). In addition, plaintiff suffered from "care-giver stress" from taking care of her disabled husband. *Id.* Yet again, the court is unable to glean the severity of plaintiff's nonexertional problems from these notes. In 1999, plaintiff was seen by several different professionals concerning her mental health condition. Dr. J. Richard Frazier indicated severe depression, Dr. David P. Ribbe and Amy Foster, M.S., diagnosed dysthymic disorder, and Gloria M. Reiske,

LCSW, opined that the plaintiff had generalized anxiety disorder and could not sustain the productivity required of a normal work day.

It is apparent from the record that from the time of plaintiff's lumbar fusion, until September, 1993, plaintiff was disabled because of the severe limitations caused by her back problems. However, subsequent to the last time plaintiff was seen by Dr. Widmeyer, the record does not support plaintiff's claim of continuous disability. There is simply no medical evidence documenting persistence of any back impairment of totally disabling severity. Under 20 C.F.R. § 404.320(b)(3), it is provided that a claimant is entitled to a period of disability only if the claimant files an application for benefits "while disabled, or no later than 12 months after the month in which [the] period of disability ended."[1] Thus, the crucial period during which plaintiff must show continuous disability started no later than December 31, 1995 and continued through October 15, 1997, one year prior to the filing of her application for a period of disability and disability insurance benefits.

Plaintiff was seen once by Dr. Knox in October, 1995, and it was not until June, 1997 that plaintiff returned to Dr. Knox due to an accident in which she fell flat on her back. Given these long periods of inactivity in her medical record and the intervening injury, the court must conclude that the plaintiff has failed to show that her disability was continuous from the date she was last insured, up until one year prior to the filing of her application for benefits. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1458 (9th Cir.1995). Even though plaintiff's record includes several reports which

indicate that she may be currently disabled due to her chronic back pain and limited motion, as well as her generalized anxiety disorder as reported by Gloria Reiske, the more recent evidence of disability is irrelevant in this claim because these reports do not relate to plaintiff's condition prior to her last day of insured status or even to plaintiff's condition prior to October 15, 1997. As such, these medical reports are not descriptive of the extent of plaintiff's disability during the crucial period in question.

Subsequent to the Administrative Law Judge's opinion, plaintiff submitted additional evidence to the Appeals Council which consists of medical records from Dr. Knox, Gloria Reiske, Dr. Christy Cone, and Dr. Frazier as well as notes from Carilion Family Medicine. The Appeals Council determined that these records were not "material to the issue of whether [plaintiff was] disabled at a time when [plaintiff] met the insured status requirement." (TR 5). Plaintiff has also submitted additional records to this court consisting of the most recent reports from Dr. Knox, Dr. Frazier and Gloria Reiske, in addition to a medical note from Dr. Stephen Kennedy concerning possible leukemia. Plaintiff seeks remand of her case to the Commissioner for consideration of this new evidence.

A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." *Mitchell v. Schweiker,* 699 F.2d 185, 188 (4th Cir.1983). It must be material to the extent that the Secre-

---

**1.** The 12 month period is extended to 36 months if the plaintiff can show a physical or mental impairment that resulted in the failure to apply within the initial 12 month period. *See* 20 C.F.R. § 404.320(b)(3). There is no evidence of such an impairment in this case.

tary's decision "might reasonably have been different" had the new evidence been before her. *King v. Califano,* 599 F.2d 597, 599 (4th Cir.1979); *Sims v. Harris,* 631 F.2d 26, 28 (4th Cir.1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. *King,* 599 F.2d at 599. *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985). Similar to the new medical evidence mentioned above, these new reports and those submitted to the Appeals Council do not present evidence that is applicable to the question of whether plaintiff was disabled within the period one year prior to the date she filed her application. Consequently, the court finds that the decision of the Appeals Council regarding the new evidence was reasonable and that there is no "good cause" for remand of this case for consideration of the new medical evidence presented to this court. *Id.*

Based on the court's review of the record, the court concludes that the Commissioner's final decision is supported by substantial evidence. The plaintiff's medical record does not support a finding of continuous disability beginning prior to termination of insured status and extending until a time twelve months prior to the date of application for benefits. Consequently, the subsequent medical evidence concerning plaintiff's condition after October 15, 1997 is irrelevant in determining whether she is entitled to disability insurance benefits because there is nothing that relates the new medical reports and findings back to the crucial period.

The Commissioner found that the plaintiff was not disabled on or before December 31, 1995. While this determination is not entirely accurate given the earlier reports of disability by the plaintiff's treating physician, Dr. Widmeyer, the Commissioner's denial of plaintiff's claim for a period of disability and disability insurance benefits must be affirmed. There is insufficient evidence to support plaintiff's contention that she suffered from a disability as defined under the Act beginning prior to termination of insured status and extending to a time during the twelve month period immediately prior to the date of application for benefits. It appears to the court that while the Administrative Law Judge may not have correctly considered the plaintiff's earlier medical records, he ultimately arrived at the correct conclusion that plaintiff is not entitled to a period of disability and disability insurance benefits. It follows that the Commissioner's final decision must be affirmed.

The clerk is directed to send certified copies of this opinion to all counsel of record.