**Amy R. Mounts VARNEY o/b/o Bobby B. Mounts (deceased), Plaintiffs,**

v.

**Jo Anne B, BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 2:02–CV–0134.**

United States District Court, S.D. West Virginia, Charleston Division.

June 23, 2003.

James H. Coleman, Esquire, Charleston, WV, Wolodymyr Cybriwsky, Esquire, Prestonsburg, KY, for Plaintiffs.

James Winn, Chief Counsel, Robert W. Kosman, Philadelphia, PA, Stephen M. Horn, Kasey Warner, United States Attorney's Office, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), the plaintiff, Amy R. Mounts, on behalf of her father, the claimant, Bobby B. Mounts, seeks review of the final decision of the Commissioner of the Social Security Administration denying Bobby Mounts' application for disability insurance benefits (DIB) based on disability. The case is presently pending before this court on cross-motions for judgment on the pleadings.

On February 20, 2002, this action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On February 27, 2003, the

Magistrate Judge submitted her *Findings and Recommendation* wherein she recommended that the court deny the plaintiff's motion for summary judgment on the pleadings, grant the defendant's motion for judgment on the pleadings, and affirm the final decision of the Commissioner. On March 10, 2003, the plaintiff filed timely objections to the Magistrate Judge's findings of fact.

The court has reviewed *de novo* those portions of the Magistrate Judge's *Findings and Recommendation* to which the plaintiff objects and finds that the objections lack merit. For the reasons set forth below, the court **ADOPTS** the *Findings and Recommendation* of the Magistrate Judge, **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the defendant's motion for judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

### Statement of Facts

The claimant, Bobby Mounts, was born on March 5, 1933 and earned a high school equivalency diploma. (Tr. at 31, 57). He served in the Navy from 1951 until his retirement in 1971. (Tr. at 57). He then worked as an air conditioning and refrigeration repair person for a hospital, and later for a furniture company. (Tr. at 362–66). The earnings record indicates that the claimant had no earnings from 1974 through 1978. (Tr. at 47). In 1979, the claimant invested in a gas station/car wash, which he operated from 1979 through 1982 (Tr. at 57, 370–71). During this time, he maintained the gas station, hired employees to pump gasoline, monitored employees while they worked, kept records of bank deposits, contracted with bookkeepers, and frequently pumped gasoline himself during the busy morning and evening hours. (Tr. at 57, 371–75).

The claimant filed an application for DIB on June 19, 1989, alleging disability as of February 2, 1982 due to schizophrenia. (Tr. at 31–33, 53). The claim was denied initially and again upon reconsideration by the state agency. (Tr. at 34–35, 37–38). On May 4, 1994, a hearing was held before an Administrative Law Judge (ALJ), the Honorable James S. Quinlivan. At that hearing, the plaintiff asserts that the ALJ made comments that were advantageous to the claimant, specifically, that the ALJ would issue a decision in the claimant's favor if the claimant could develop facts supported by probative evidence that could pinpoint a specific onset date of his schizophrenia. (Pl.'s Br. at 2). Claimant's counsel deposed the claimant's ex-wife on the issue of the onset of the claimant's schizophrenia on September 9, 1994. (Tr. at 149–66).

The ALJ denied the claimant's claim on March 30, 1995. (Tr. at 171–75). The claimant then filed a request for review with the Appeals Council. (Tr. at 180–84). On March 15, 1999, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for a supplemental hearing due to the fact that the May 1994 hearing tape had been misplaced and the record was therefore incomplete. (Tr. at 185–87). The claimant submitted additional evidence, and the ALJ held the supplemental hearing on October 5, 1999. (Tr. at 355–91). On January 28, 2000, the ALJ issued an order determining again that the claimant was not entitled to benefits. (Tr. at 14–17). The ALJ found that the claimant had operated the gas station/car wash during the late 1970s and early 1980s, and that this work constituted "substantial gainful activity" within the meaning of 20 C.F.R. §§ 404.1574 & 1575. (Tr. at 15, 17). Because of this substantial gainful activity, the ALJ ruled that the claimant was not continuously disabled from some point prior to June 30, 1977 (the date his insured status expired) until at least twelve months before his application for

DIB (June 1989), and therefore did not qualify for benefits. (Tr. at 17).

In October of 2000, the claimant passed away, and his daughter, the plaintiff, continued the case. (Tr. at 311). On December 18, 2001, the Appeals Council considered additional evidence offered by the plaintiff, but determined that the additional evidence did not provide a basis for changing the ALJ's decision. (Tr. at 5–7). The plaintiff then filed the present suit on February 15, 2002 pursuant to 42 U.S.C. § 405(g) seeking judicial review of the ALJ's decision. The plaintiff argued in her motion for summary judgment that: (1) the ALJ erred in considering only the claimant's earnings rather than his "work effort" in determining that the claimant had engaged in substantial gainful activity; and (2) the case should be remanded due to the absence of all the relevant evidence in the transcript.

The Magistrate issued her findings and recommendation in favor of the Commissioner on February 27, 2003, stating: (1) that the plaintiff failed to rebut significant evidence in the record suggesting that the claimant engaged in substantial gainful activity for the time period in question, (2) that the plaintiff failed to provide evidence that her father's Navy retirement income was commingled with his business income, (3) that the ALJ's failure to analyze the claimant's situation under the regulations for self-employed individuals was not a ground for remand because such an analysis would not change the end result, and (4) that the Commissioner's initial failure to include certain letters and documents in the official transcript was not grounds for remand because the Commissioner later filed a supplemental transcript including the omitted evidence. The plaintiff filed timely objections to the Magistrate's report, contending that: (1) the Commissioner's failure to produce the lost tape of the May 4, 1994 hearing materially damaged

the claimant's case; (2) the ALJ erred in rejecting the plaintiff's evidence on the record establishing the onset of the claimant's disability as June 20, 1974; (3) the ALJ failed to consider evidence of the commingling of the claimant's gas station/car wash revenue with his Navy retirement fund; and (4) the Claimant's work at his gas station/car wash should have been considered an "unsuccessful work attempt." The court now reviews the Magistrate's findings and recommendation and the plaintiff's objections *de novo*.

### Standard of Review

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A. § 405(g) (West Supp.1998). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966).

In reviewing the case for substantial evidence, the court does not reweigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock, v. Richardson*, 483 F.2d 773, 776 (4th Cir.1972). "Where conflicting evidence allows reason-

able minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987).

### Analysis

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A) (2003). A claimant bears the burden of proving disability. *Blalock,* 483 F.2d at 774. In making a determination on an applicant's DIB claims, an ALJ must follow the five-step evaluation of disability set forth in the Commissioner's regulations. 20 C.F.R. § 404.1520 (2003). The regulations require the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the period of alleged disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past work; and (5) if not, whether she can perform other work. *Bowen v. Yuckert,* 482 U.S. 137, 140–42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. § 404.1520. If the ALJ finds that a claimant does not satisfy any step of the process, review does not proceed to the next step. 20 C.F.R. § 404.1520(a). In this case, the ALJ found that while the claimant showed evidence of mental impairment, the fact that he engaged in substantial gainful activity during the period of claimed disability did not allow the review process to proceed past the first step of the analysis.

### Misplaced Audiotape of May 1994 Hearing

 The plaintiff first assigns error to the fact that the tape of the May 4, 1994 hearing has never been produced, and that this event constitutes a failure of the Commissioner to develop the record. The Supreme Court has stated that the responsibility for ensuring that every claimant receives a full and fair hearing lies with the ALJ, who "acts as an examiner charged with developing the facts." *Richardson,* 402 U.S. at 411, 91 S.Ct. 1420. Although the ALJ has a duty to fully and fairly develop the record, *Cook v. Heckler,* 783 F.2d 1168, 1173 (4th Cir.1986), he is not required to act as counsel for the claimant. *Clark v. Shalala,* 28 F.3d 828, 830–31 (8th Cir.1994). Ultimately, the claimant bears the burden of establishing a prima facie entitlement to benefits. *See Hall v. Harris,* 658 F.2d 260, 264–65 (4th Cir.1981); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the [Commissioner] may require."). Similarly, the claimant "bears the risk of non-persuasion." *Seacrist v. Weinberger,* 538 F.2d 1054, 1057 (4th Cir. 1976). While the ALJ must make a reasonable inquiry into a claim of disability, he has no duty to "go to inordinate lengths to develop a claimant's case." *Thompson v. Califano,* 556 F.2d 616, 618 (1st Cir. 1977).

The court does not agree with the plaintiff's contention that the unexplained loss of the May 1994 hearing tape is grounds for remand. While the loss is unfortunate and certainly reflects poorly on the administrative organization of this case, the case has already been remanded once for a

supplemental hearing in an effort to remedy the loss. In addressing arguments regarding an ALJ's failure to develop the record, courts have found good cause to remand "where the [ALJ] fails diligently to explore all relevant facts especially in cases of uneducated, pro se claimants and where the absence of counsel appears to prejudice a claimant." *Walker v. Harris,* 642 F.2d 712, 714 (4th Cir.1981). Remand due to evidentiary gaps in the record has also been held to be appropriate only when the gap results in prejudice to the claimant. *See Mandziej v. Chater,* 944 F.Supp. 121, 130 (D.N.H.1996). In this case, the plaintiff was represented by counsel throughout the proceeding. Furthermore, the absence of the 1994 hearing tape in the record does not prejudice the plaintiff because the 1999 supplemental hearing, whose transcript is in the record, remedied the loss. Accordingly, the court **OVERRULES** the plaintiff's first objection.

### Onset Date of Claimant's Schizophrenia

■ The plaintiff next objects to the ALJ's rejection of the plaintiff's evidence which she asserts establishes the onset of the claimant's disability as June 20, 1974. The plaintiff's evidence comes from the deposition of the claimant's ex-wife, Barbara Sue Wallen Mounts, taken on September 9, 1994. In that testimony, Ms. Mounts stated that the claimant's abnormalities began "[p]robably around '75." (Tr. at 155). The ALJ found in its decisions on March 30, 1995 and on January 28, 2000 that the claimant was suffering from schizophrenia prior to June 30, 1977. The plaintiff argues that the ALJ rejected Ms. Mounts' evidence in favor of the statements of an unnamed niece who had been credited in a psychiatric evaluation report made on October 31, 1990. That psychiatric report states that, "[a]ccording to information [the claimant's] niece provided during a prior mental evaluation, Mr. Mounts was considered to be completely mentally normal until 1981, when he was said to have turned against the family and his wife." (Tr. at 430).

As stated previously, "the court does not re-weigh conflicting evidence [or] make determinations as to credibility" when reviewing this type of case. *Hays,* 907 F.2d at 1456. The ALJ did not make any finding in either of his decisions as to whose testimony he credited on the onset issue. Furthermore, it is not apparent from the date reference by the ALJ in his decisions (June 30, 1977) that he necessarily credited the psychiatric evaluation report (giving an onset date of 1981) over the ex-wife's testimony (giving an onset date of 1975). Moreover, the court does not see how this discrepancy has any relevancy to the critical issue of this case—whether or not the claimant's disability was continuous during the required time frame. The only way for the plaintiff to recover in this case is to prove that the claimant's illness continued without interruption from the date his insured status expired until twelve months prior to the month he filed his application. The ALJ's rejection of the plaintiff's evidence of an earlier onset date is therefore not a ground to remand this case. The court **OVERRULES** the plaintiff's second objection.

### Commingling of Funds

■ The plaintiff next objects to the ALJ's failure to consider that the claimant's reported earnings from 1979 to 1982 represented the commingling of the claimant's Navy retirement pension with his actual earnings from the gas station/car wash. During the time the claimant operated the gas station/car wash, he reported earnings of $1,684 in 1979; $7,483 in 1980; $7,710 in 1981; and $3,362 in 1982. The plaintiff argues that the claimant's statement that "I couldn't a stayed in business if it hadn't a been for my retirement

check," (Tr. at 371) requires the court to subtract the claimant's pension money from those yearly reported sums to evaluate the claimant's true earnings. However, when asked how much the claimant would have taken home each month from his gas sales, the claimant's ex-wife stated "[a]bout $1,000 a month I would say." (Tr. at 202). The regulations provide that monthly earnings averaging more than $280 per month presumptively show substantial gainful activity for the year 1979, and monthly earnings of $300 show substantial gainful activity for the years 1980 to 1982. 20 C.F.R. § 404.1574(b)(2)(i) & Table 1. The ex-wife's testimony that the claimant brought home $1,000 per month clearly exceeds this threshold amount, and there is *no* testimony from the ex-wife regarding the claimant's pension money. It is the plaintiff's burden to rebut substantial evidence in the record, and the plaintiff's reliance on a single sentence of the claimant does not meet this burden. Accordingly, the court **OVERRULES** the plaintiff's third objection.

### Unsuccessful Work Attempt

■ Finally, the plaintiff objects to the ALJ's failure to consider the claimant's work at his gas station/car wash an "unsuccessful work attempt." This argument lacks merit, as the regulation provisions detailing unsuccessful work attempts are not applicable to the facts of this case. The regulation titled "unsuccessful work attempt" states:

(1) General. Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after working for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your earnings from such work fall below the substantial gainful activity earnings level in paragraph (b)(2) of this section, and you meet the conditions described in para-

graphs (c)(2), (3), (4), and (5), of this section.

20 C.F.R. 404.1574(c). Paragraph (c)(2), titled "Event that must precede an unsuccessful work attempt," states that "[t]here must be a significant break in the continuity of your work before we will consider that you began a work attempt that later proved unsuccessful." *Id.* § 1574(c)(2). It is clear from the plain language of this regulation that the claimant's activity does not qualify for consideration as an "unsuccessful work attempt." The regulation requires that the claimant had to have stopped working within six months after attempting the work. The plaintiff has made no showing that the claimant started working at the gas station/car wash and then was required to stop within six months after he began. Therefore, the regulations regarding "unsuccessful work attempt" have no bearing on this case. The court **OVERRULES** the plaintiff's final objection.

### Conclusion

The court **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the defendant's motion for judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented parties.